FIFTH DIVISION

                                                    June 8, 2001

No. 1-99-2136

RICHARD ARRIOLA, on Behalf of Himself

and All Others Similarly Situated, 

Plaintiff-Appellant,

v.

TIME INSURANCE COMPANY, 

Defendant-Appellee. 

)

)

)

)

) 

) 

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Sidney A. Jones, III

Judge Presiding.

PRESIDING JUSTICE QUINN delivered the opinion of the court: 

This case involves a permissive appeal of a certified question pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  The underlying litigation involves a multi-state class action suit challenging Time Insurance Company's (Time) collection of subrogation payments from its own insureds, where the applicable insurance policies had no provisions for subrogation.  After the case was filed on August 30, 1993, but before plaintiff filed a motion for class certification, Time refunded payments to 44 of the 46 putative members of the class who resided in Illinois.  Time tendered refunds to the remaining two insureds, including the plaintiff, but plaintiff refused the tender.  On November 4, 1994, Time filed a motion to dismiss the case pursuant to section 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-619 (West 1998).  On May 15, 1995, the trial court dismissed the case with prejudice, holding that as there were only two potential members of the class in Illinois, plaintiff did not meet the numerosity prerequisite as defined in section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 1998)).  The trial court held that, consequently, plaintiff could not maintain a multi-state class action in Illinois.

In a prior appeal, this court reversed the trial court's dismissal, holding that a motion to dismiss under section 2-619 may not be based on an asserted lack of numerosity.  
Arriola v. Time Insurance Co.
, 296 Ill. App. 3d 303, 308, 694 N.E.2d 649 (1998) (
Arriola I
). In doing so, we relied upon the holding in 
Levy v. Metropolitan Sanitary District of Chicago
, 92 Ill. 2d 80, 83, 440 N.E.2d 881 (1982).  There, our supreme court held:

"[N]either an order denying class certification 

or decertifying a class nor an order dismissing 

class action allegations is final and *** such 

orders <may be appealed from prior to the termi-

nation of the litigation only under the inter-

locutory appeal provisions of the Supreme Court 

Rules.> [Citation.]" 
Levy
, 92 Ill. 2d at 83. 

The court in 
Levy
 further stated that such orders must be 

appealed pursuant to Supreme Court Rule 308.  Supreme Court Rule 

308 provides, in pertinent part:

"Rule 308. Interlocutory Appeals by Permission

(a) Requests.  When the trial court, in making 

an interlocutory order not otherwise appealable,

finds that the order involves a question of law

as to which there is substantial ground for dif-

ference of opinion and that an immediate appeal 

from the order may materially advance the ulti-

mate termination of the litigation, the court 

shall so state in writing, identifying the ques-

tion of law involved. Such a statement may be 

made at the time of the entry of the order or 

thereafter on the court's own motion or on mo-

tion of any party.  The Appellate Court may 

thereupon in its discretion allow an appeal from

the order."  155 Ill. 2d R. 308(a).

Upon remand, the trial court certified the issue as follows: 

"May a national class be certified under Section

2-801 of the Code of Civil Procedure where: (1)

the class action complaint alleges a national 

class, (2) the Court assumes there are sufficient

class members outside Illinois to satisfy the 

numerosity requirement, but (3) there are only two

remaining Illinois residents who are members of the

class?

This court granted plaintiff's application for leave to appeal. The following are the pertinent facts contained in the record.  Plaintiff Richard Arriola, an Illinois resident, was injured in an auto accident in 1992.  At the time of the accident, Arriola was named as an insured on a policy issued by  Time.  Arriola recovered $554.40 for medical expenses from Time under the aforementioned policy.  Arriola proceeded to file a complaint against the person responsible for the accident.  Time contemporaneously notified Arriola of its subrogation lien for $554.40 with respect to any judgment or any settlement arising from that action.  Arriola ultimately tendered a check to Time for $554.40.

On August 30, 1993, Arriola filed a complaint individually and on behalf of a class of other similarly situated individuals alleging that Time intentionally misrepresented its right to subrogation in the absence of an express policy provision establishing such a right.  In its answer, Time denied the allegations of the complaint and denied that plaintiff was entitled to an order certifying this case as a class action.  The record indicates that Time subsequently acknowledged that a medical insurer has no right of subrogation in the absence of an express policy provision allowing subrogation.  This was the holding in 
Schultz v. Gotlund
, 138 Ill. 2d 171, 561 N.E.2d 652 (1990), decided September 26, 1990.  

Arriola correctly points out that Time first began to seek subrogation from its insureds only 
after
 the 
Schultz
 decision was

handed down.  After this class action complaint was filed, the trial court limited discovery to potential members of the class who resided in Illinois.  Time subsequently proceeded to attempt to reimburse the 46 Illinois policyholders from whom it had sought and received subrogation payments since September 1990, including Arriola.  Time obtained releases from 44 of the 46 policyholders.   There is a split in the authorities as to the scope of review of an appeal under Rule 308 as it relates to certified questions.  One view is that review is strictly limited to the question identified by the circuit court order and will not be expanded on appeal to encompass other matters that could have been included but were not.  
Levy v. Markal Sales Corp.
, 311 Ill. App. 3d 552, 724 N.E.2d 1008 (2000).  Another view is that the appellate court is not limited to reviewing the question presented but may also consider the appropriateness of the order giving rise to the appeal.  
Billerbeck v. Caterpillar Tractor Co.
, 292 Ill. App. 3d 350, 685 N.E.2d 1018 (1997), 
appeal denied,
 176 Ill. 2d 570, 690 N.E.2d 1379 (1998).

  Our supreme court recently addressed this issue, finding it appropriate not to answer a certified question where the record revealed that there were disputed questions of fact. 
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d 460, 469-70, 693 N.E.2d 358 (1998).  The court held that under those circumstances, any answer the court gave would be "advisory and provisional."

This court addressed the scope of review of a certified question in the context of a multi-state class action suit in 
Gordon v. Boden
, 224 Ill. App. 3d 195, 586 N.E.2d 461 (1991).  There, the plaintiffs alleged that the defendant companies had sold orange juice which had been watered down and contained additives to the point that the product was only 60% orange juice.  The trial court certified as a class all persons in the United States who had purchased the adulterated orange juice products manufactured or sold by the defendants.  
Gordon
, 224 Ill. App. 3d at 198. The trial court also certified a question that pertained to the assessment and distribution of damages among the class members, who could number in the millions.  This court concluded that we would need to address the question of the propriety of the class certification as well as the certified question, because "[w]e cannot neatly compartmentalize and independently resolve one issue and not the other."  
Gordon
, 224 Ill. App. 3d  at 199.  Based on the facts of the case 
sub judice
, we are similarly compelled to expand our review beyond the certified question.  

Commentators have noted that multi-state class actions place a tremendous administrative burden on the state's court system, the state's taxpayers, and also upon the absent class members who would be bound by an Illinois judgment.  R. Foster, 
Multi-State Consumer Class Actions in the Illinois Courts
, 84 Ill. B.J. 
418 (1996).  
However, no procedural mechanism exists for the joinder of claimants in multiple states other than a multi-state class action.   Section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 West 1998) governs class action suits in Illinois.  It provides:

§ 2-801. Prerequisites for the maintenance 

of a class action. An action may be maintained 

as a class action in any court of this State 

and a party may sue or be sued as a representa-

tive party of the class only if the court finds:

"(1) The class is so numerous that joinder

of all members is impracticable.

(2) There are questions of fact or law 

common to the class, which common questions 

predominate over any questions affecting only 

individual members.

(3) The representative parties will fairly

and adequately protect the interest of the class.

(4) The class action is an appropriate method

for the fair and efficient adjudication of the 

controversy." 735 ILCS 5/2-801 (West 1998).     

  

In 
Miner v. Gillette Co.
, 87 Ill. 2d 7, 428 N.E. 2d 478 (1981), our supreme court held that Illinois courts may hear multi-state class action suits.  The court reversed the appellate court and trial court's refusal to certify a nationwide class based on a purported violation of due process.  The court held that any due process concerns arising from an Illinois court's exercise of jurisdiction over non-Illinois class members would be obviated by proper notice and the "adequate representation" requirement of Section 2-801(3):

"'Because a class action must necessarily proceed

in the absence of almost every class member, we

hold the residential makeup of the class member-

ship is not controlling. [Citation.] What is im-

portant is that the nonresident plaintiffs be

given notice and an opportunity to be heard and 

that their rights be justly protected by 

adequate representation.  These are the essential 

requirements of due process, and they must be 

satisfied in any class action by every court, state 

or federal, regardless of the residences of the 

absent class members. Therefore, *** the element 

necessary to the exercise of jurisdiction over 

nonresident plaintiff class members is procedural 

due process. (Emphasis omitted.)'" 
Miner
, 87 Ill. 

2d at 12-13, quoting 
Shutts v. Phillips Petroleum

Co.
, 222 Kan. 527, 542-43, 567 P.2d 1292, 1305 

(1977), 
cert denied
: 
434 U.S. 1068, 98 S. Ct. 1246, 

55 L. Ed. 2d 769 (1978).   

 

Time acknowledges the holding in 
Miner
 but argues that 
Miner
 is inapplicable as there was a large subclass of Illinois residents 

in the class in 
Miner
 and, in this case, there are only two potential class members who reside in Illinois.  Of course, this is true only because Time made a tender of settlement to the entire Illinois subclass and almost all of the members of the subclass accepted that tender.

Throughout the proceedings below and in both appeals, Arriola has argued that Time's actions in obtaining general releases from 44 of the 46 affected policyholders in Illinois were an effort to avoid liability to the larger group of affected policyholders in other states.  Accepting this argument as being true, it begs the question of whether Time's actions were proper and, whether or not they were proper, what effect does Time's tender to the named plaintiff and settlements with almost all of the prospective class members in Illinois have on this case?  In his reply brief, Arriola asserts: "Whether a defendant's effort to obtain releases from putative class members amounts to impermissible misconduct depends upon the specific facts of the effort which, in this case, are unknown because of the discovery limitation.  See e.g. 
Fraley v. Williams Ford Tractor & Equiq.
, 339 Ark. 322, 5 S.W. 3d 423 (1999) (collecting cases)."

We find 
Fraley
 to be inapposite.  There, the defendant contacted putative class members and obtained releases from many of them.  This was done after the plaintiffs had filed a motion for class certification but before the motion was heard.  All of the putative class members who signed releases were indebted to the defendant for vehicle and farm equipment loans and only two or three received money from the defendant in exchange for signing the releases.  
Fraley v. Williams Ford Tractor & Equipment Co.
, 339 Ark. 322, 334, 5 S.W.3d 423, 435-36 (1999). There was evidence that the defendant made misrepresentations in obtaining the releases.  The Arkansas Supreme Court held that communications between defendants and plaintiffs in class action cases that are likely to substantially reduce member participation or that indicate a likelihood of coercion should be restricted or prohibited when brought to the attention of the trial court.  The court held that the circumstances surrounding the attainment of the releases indicated there was a likelihood of coercion, and the trial court abused its discretion in considering the releases in determining whether the numerosity requirement had been met.  
Fraley
, 339 Ark. At 340, 5 S.W.3d at 436.  

In our case, plaintiff does not question the validity of the releases obtained by Time.  There is no evidence that any of the putative class members who signed releases were indebted to Time or that Time had any influence of any kind over them.  There was also no evidence that Time made misrepresentations in obtaining the releases.        

This court's research reveals that Illinois has long recognized that, prior to class certification, settlements with persons falling within a proposed class are not prohibited. In 
Jankousky v. Jewel Cos
., 182 Ill. App. 3d 763, 538 N.E.2d 689 (1989), the plaintiffs had signed releases after settling with Jewel in regard to a salmonella outbreak in the Chicagoland area.  The plaintiffs alleged that the defendant had fraudulently concealed information  concerning the pendency of the class action suit of which they were potential members.  In affirming the trial court's dismissal of plaintiffs' action, this court held: "There is no prohibition against communications, negotiations, or settlements with persons who fall within the proposed class prior to class certification.  The only limitation in such situations is when the settlements affect the rights of the nonsettling class members.  (
Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.
 (2d Cir. 1972), 455 F.2d 770, 775; 
Vernon J. Rockler & Co. Minneapolis Shareholders Co.
 (D. Minn 1977), 425 F. Supp. 145, 149-50.)" 
Jankousky v. Jewel Cos.
, 182 Ill. App. 3d at 767.

In 
Weight Watchers
, the court of appeals reviewed a district court's order allowing the defendant franchisor the right to communicate and settle with its franchisees who were potential members of a class where the plaintiff was the named representative. The court held that the defendant could seek settlements with individual potential class members even if the cumulative result of the settlements was that a class action was no longer maintainable due to an insufficient number of remaining class members.  
Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.
, 455 F.2d 770, 775 (2d Cir. 1972)       In 
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 459 N.E.2d 1364 (1984), two teachers who had been terminated from their employment filed a class action suit against the school board on behalf of all teachers similarly situated. After the named plaintiffs and a majority of the other discharged teachers had been offered and accepted reemployment, the board moved for dismissal.  The trial court granted the dismissal, holding that the action was moot.  
Wheatley
, 99 Ill. 2d at 483-84.  On appeal, the appellate  court reversed, holding that the case was not moot because relief could still be granted to the teachers who had not been offered reemployment.  In affirming the dismissal, our supreme court concluded that the named plaintiffs could not maintain the action because they were no longer proper class representatives and no remaining class member had moved to substitute himself as a named representative.  
Wheatley
, 99 Ill. 2d at 486-87.  As here, the named plaintiffs in 
Wheatley
 had not filed a motion for class certification prior to being tendered the relief they sought.

This court recently followed 
Wheatley
 in 
Yu v. International Business Machines Corp.
, 314 Ill. App. 3d 892, 732 N.E.2d 1173 (2000).  There, plaintiff had bought a computer system from the defendants after being assured that the system was "Y2K compliant."  Upon learning that the computer system required an expensive upgrade to make it "Y2K compliant," plaintiff filed a class action suit against the defendants on behalf of all purchasers of the particular computer system.  The defendants upgraded the plaintiff's computer system at no charge after the class action suit was filed but before plaintiff moved for class certification.  This court affirmed the dismissal of the suit, finding that the plaintiff was no longer an appropriate representative of the interests of the class. "'"If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."'"  
Magnuson v. City of Hickory Hills
, 933 F.2d 562, 565 (7th
 Cir. 1991), quoting 
O'Shea v. Littleton
, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674, 682 (1974)."  
Yu
, 314 Ill. App. 3d at 898-99.

Unlike the named plaintiffs in 
Jankousky
, 
Wheatley
 and 
Yu
, Arriola never accepted the tender made by Time.  "'Tender' is an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation, and tender must be without conditions to which the creditor can have a valid objection or which will be prejudicial to his rights."  
Brown & Kerr, Inc. v. American Stores Properties, Inc.
, 306 Ill. App. 3d 1023, 1032, 715 N.E.2d 804 (1999).  "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."  
Deposit Guaranty National Bank v. Roper
, 445 U.S. 326, 333, 100 S. Ct. 1166, 1171, 63 L. Ed. 2d 427, 436 (1980), citing 
Public Service Comm'n v. Brashear Freight Lines, Inc.
, 306 U.S. 204, 59 S.Ct. 480, 83 L. Ed. 608 (1939). 

This court recently addressed the question of the effect of an unaccepted tender in the context of a class action suit in 
Hillenbrand v. Meyer Medical Group, S.C.
, 308 Ill. App. 3d 381, 720 N.E.2d 287 (1999).  There, we held that no controversy exists between parties when the defendant tenders the payment requested by the plaintiff, plus interest.  "The plaintiffs cannot perpetuate the controversy by merely refusing Meyer's tender."  
Hillenbrand
, 308 Ill. App. 3d at 389. Consequently, the payment tendered by Meyer made the plaintiffs' individual claims moot even though they did not accept it.

The court in 
Hillenbrand
 addressed a situation in which the defendant's tender to the plaintiffs occurred prior to class certification, but while a motion for certification was pending.  The court held that when a motion for class certification has been pursued with reasonable diligence and is pending in court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages.  Under those circumstances, the trial court is obligated to rule on the pending motion for class certification before considering the effect of the defendant's tender of the named plaintiff's individual claims.  "To hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs, in each class action filed against it, prior to the trial court's ruling on their motion for class certification."  
Hillenbrand
, 308 Ill. App. 3d at 389-90, adopting 
Susman v. Lincoln American Corp.
, 587 F.2d 866, 870 (7th
 Cir, 1978), 
cert. denied
, 445 U.S. 942, 100 S. Ct. 1336, 63 L. Ed. 2d 775 (1980).  The court also held that the plaintiffs were not entitled to conduct discovery in order to determine the identity of other class members or representatives.  
Hillenbrand
, 308 Ill. App. 3d at 392. 

In 
Susman
, the defendant tendered payment to the named class representatives during the pendency of the plaintiff's motion for class certification.  The named plaintiffs refused the tender but the district court dismissed the class action complaints as being moot.  In reversing the dismissal, the court of appeals pointed out that, in addition to the interests of the named plaintiffs, "the interests of the unnamed class members are before the court during the pendency of a motion for class certification."  
Susman
, 587 F.2d at 869. Because of this, "when a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages.  The district court *** should hear and decide that motion prior to deciding whether or not the case is mooted by the tender."  
Susman
, 587 F.2d at 870.     

In 
Deposit Guaranty National Bank v. Roper
, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980), 
the defendant made an unaccepted tender offer, in settlement of the individual putative representatives' claims after the district court denied the plaintiffs' motion to certify the class.  The district court entered judgment in favor of the plaintiffs, over their objections, and then dismissed the action.  The federal court of appeals reversed.  The Supreme Court granted 
certiorari
, limited to the question of mootness.  

"We begin by identifying the interests to 

be considered when questions touching on 

justiciability are presented in the class-

action context.  First is the interest of 

the named plaintiffs: their personal stake 

in the substantive controversy and their 

related right as litigants in a federal court 

to employ in appropriate circumstances the 

procedural device of a Rule 23 class action 

to pursue their individual claims.  A 

separate consideration, distinct from their 

private interests, is the responsibility of 

named plaintiffs to represent the collective 

interests of the putative class.  Two other 

interests are implicated: the rights of putative 

class members as potential intervenors, 

and the responsibilities of a district 

court to protect both the absent class and 

the integrity of the judicial process by 

monitoring the actions of the parties before 

it."  
Roper
, 445 U.S. at 331, 100 S. Ct. at 

1170, 63 L. Ed. 2d at 435.       

The Court then held that the named plaintiffs' "individual interest in the litigation - as distinguished from whatever may be their representative responsibilities to the putative class - is sufficient to permit their appeal of the adverse certification ruling." (Emphasis omitted.)  
Roper
, 445 U.S. at 340, 100 S. Ct. at 1175, 63 L. Ed. 2d at 440.  
  

From these cases, it can be seen that whether a motion to certify a class has been filed is an important consideration in determining the effect a tender offer has on a class action suit.  Section 2-802(a) of the Code of Civil Procedure provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained."  735 ILCS 5/2-802(a)(West 1998).  This language mirrors that of Federal Rule of Civil Procedure 23 (c)(1).  Case law also requires that motions to certify a class be filed expeditiously, especially in cases where the named representatives'  claims may become moot. "Prompt decision one way or the other is imperative not only so that the parties know whose interests are at issue but also so that representative plaintiffs with live claims may be substituted for those whose claims have become moot."  
Nelson v. Murphy
, 44 F.3d 497, 500 (7th
 Cir. 1995).

"'As soon as practicable' does not mean *** that a court [must] delay ruling on a motion to dismiss until after it has ruled on the issue  of class certification."  
Dixon v. Mercury Finance Co.
, 296 Ill. App. 3d 353, 360, 694 N.E.2d 693 (1998), citing 
Schlessinger v. Olsen
, 86 Ill. 2d 314, 320, 427 N.E.2d 122 (1981).  In 
Dixon
, the plaintiffs delayed moving for class certification until after the defendants had made a number of motions, including one for summary judgment. Summary judgment was entered after the plaintiffs filed a motion for class certification but before the trial court ruled on that motion.  The appellate court affirmed the trial court's order granting the defendant's motion for summary judgment. The appellate court reasoned that the plaintiffs suffered no prejudice from this procedure because, if the appellate court were to reverse the summary judgment order, plaintiffs could still move to certify a class.  
Dixon
, 296 Ill. App. 3d at 361.     

The opinion in 
Lusardi v. Xerox Corp.
, 975 F.2d 964 (3d
 Cir. 1992),  has an excellent discussion of the evolution of the mootness doctrine in the context of class action suits.  The "relation back" doctrine is an exception to the mootness rule and it is applicable to transitory claims.  "Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."  
United States Parole Comm'n v. Geraghty
, 445 U.S. 388, 399, 100 S. Ct. 1202, 1210, 63 L. Ed. 2d 479, 492 (1980), citing 
Gerstein v. Pugh
, 420 U.S. 103, 110 n.11, 95 S. Ct. 854, 861 n.11, 43 L. Ed. 2d 54, 63 n.11 (1975).  Under these circumstances, a trial court may decide an outstanding class certification motion even though the named plaintiff no longer has a live individual claim.  
Geraght
y was decided contemporaneously with 
Roper
.

After discussing 
Geraghty
, the 
Lusardi
 opinion went on: 

"
Roper
 injected concerns about claims that, 

while not expiring naturally, were deliberately

mooted by defendants who could afford to 'pick

off' successive plaintiffs and forestall the 

formation of a class.  Combining these innovations,

some courts extended the 'relation back' doctrine

to situations where the individual claims became

moot due to tender of full settlement before the

district court was reasonably able to reach the

class certification question.  
See
, 
e.g
.,
 
Wilson

v. Secretary of Health & Human Servs.
, 671 F.2d 

673, 679 (1st
 Cir. 1982); 
Zeidman v. J. Ray 

McDermott & Co.
, 651 F.2d 1030 (5th
 Cir. 1981); 

Susman v. Lincoln American Corp.
, 587 F.2d 

866, 870 (7th
 Cir. 1978), 
cert. denied
, 445 

U.S. 942, 100 S. Ct. 1336, 1337, 63 L. Ed.

2d 775 (1980).  As the Seventh Circuit explained, 

'[J]ust as necessity required the development 

of the relation back doctrine in cases where 

the underlying factual situation naturally 

changes so rapidly that the courts cannot keep 

up, so necessity compels a similar result

[where defendants tender full amount of recovery 

to individual plaintiffs while the motion 

for certification is still pending.]' 
Susman
, 587

 F.2d at 870; 
see also
 
Zeidman
, 651 F.2d at 1050 

(noting that tender to successive named plaintiffs 

by a wealthy defendant could, as a practical matter,

make a decision on class certification just as 

difficult to produce as it was in 
Gerstein
)."  

Lusardi
, 975 F.2d at 982.      

The 
Lusardi
 court pointed out that all of the cases cited  "still require the named plaintiff to have a personal stake 
when
 
the class certification motion at issue was filed
. Just as appellate review may relate back to an adverse certification decision made when plaintiffs had a live claim, so district court review of a pending certification motion relates back to its filing, if plaintiff had a live claim at that time." (Emphasis added.) 
Lusardi
, 975 F.2d at 982.  The defendant in 
Lusardi
 had tendered the named representative the individual damages he had sought and he accepted the tender prior to filing a motion for class certification.  The court of appeals held that the district court correctly dismissed the motion for class certification "even if Xerox engaged in deliberate efforts to prevent class formation."  
Lusardi
, 975 F.2d at 982 n.31. "Without a rule that plaintiff have a live claim at least when the motion to certify is filed, the 'case or controversy' requirement would be almost completely eviscerated in the class action context, since almost anybody might be deemed to have standing to move to certify a class."  
Lusardi
, 975 F.2d at 983.

Wheatley
, 
Jankousky
, 
Yu
 and 
Lusardi
 all held that when a named plaintiff accepts the tender, he no longer is a proper representative of the class and the class action is dismissed unless a new named representative is substituted.  These cases also show that, in the absence of a court order to the contrary, it is permissible for defendants to tender full amount of recovery to named plaintiffs and putative members of the class prior to the filing of a motion for class certification.  This is true even if the purpose behind making the tender is to prevent class formation.  The fact that, in the case 
sub judice,
 Time made a tender to the entire subclass rather than only to the named representative does not change our analysis.  

The analysis is different in cases where a motion for class certification has been filed.  If the named representative's claims become moot after the motion for class certification has been granted, the case is not moot as to the remaining class members. 
Franks v. Bowman Transportation Co.
, 424 U.S. 747, 755-56, 96 S. Ct. 1251, 1259-60, 47 L. Ed. 2d 444, 456-57 (1976).  If, after a named representative's motion for class certification has been denied, judgment is entered in his favor after he has rejected tender, he may still appeal the denial of his motion for class certification.  
Roper
, 445 U.S. at 332-36, 100 S. Ct. at 1170-73, 63 L. Ed. 2d at 435-38.

If a defendant tenders full amount of recovery to a named representative while a motion for class certification is pending, and that motion has been pursued with reasonable diligence, the trial court must still rule on the motion for class certification.  
Hillenbrand
, 308 Ill. App. 3d at 391-92; 
Susman
, 587 F.2d at 870.  "These [last two] exceptions (in 
Roper
 and 
Susman
) to the general mootness rule are intended to ensure proper resolution of any certification motion filed at a time when the named plaintiff's own claims were still at issue."  
Lusardi
, 975 F.2d at 975.         

None of the above three exceptions to the mootness doctrine applies to plaintiff. In the present case, plaintiff 
never
 filed a motion for class certification.  The defendant filed a motion to dismiss more than 14 months after the complaint was filed.  The trial court granted this motion more than 20 months after the complaint was filed.   

Taking all of the above into consideration, it is clear that the instant plaintiff has not pursued a motion for class certification with reasonable diligence.  While 
Hillenbrand
,  
Susman
 and 
Roper
 allow plaintiffs who have refused tenders of full settlement to appeal orders dismissing class action suits to do so, plaintiff must have filed a motion for class certification and pursued it with reasonable diligence.  We hold that plaintiff did not do this.  Therefore, when defendant tendered plaintiff's recoverable  monetary damages, plaintiff's right to proceed in this matter as a class action became moot.  
Hillenbrand
, 308 Ill. App. 3d at 391-92.

Consequently, he is no longer a proper class representative.  
Lusardi
, 975 F.2d at 984.  As Arriola has not established the requisite of a case or controversy with Time, he may not seek relief on behalf of any other member of the class.  
Yu
, 314 Ill. App. 3d at 898-99.  As no remaining class member has moved to substitute himself as a named representative, the class action claims are dismissed.  
Wheatley
, 99 Ill. 2d at 486-87.  

Our holding in this case is largely based on the failure of the plaintiff to file a motion to certify a class and the lengthy delay between (1) the day the complaint was filed (August 30, 1993), (2) the day defendant filed the motion to dismiss (November 4, 1994), and (3) the day the trial court granted that motion (May 15, 1995). Had the defendant tendered payment to the named plaintiff early in the litigation and then sought to dismiss this action, the result could have been very different. As the Supreme Court held in 
Roper
, one of the interests to be considered by courts when presented with a question concerning justiciability in a class action case is "the responsibilities of a district court to protect both the absent class and the integrity of the judicial process by monitoring the actions of the parties before it."  
Roper
, 445 U.S. at 331, 63 L. Ed. 2d at 435, 100 S. Ct. at 117.  

Under this precept, if a defendant in a class action case were to tender the full amount of recovery to the named plaintiff before the court has had a reasonable opportunity to consider and decide a motion for certification, the court would have the authority to deny a motion to dismiss based on the unaccepted tender.  The court could then proceed to determine the issue of class certification at the appropriate time. As the court said in 
Susman
: "If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification."   
Susman
, 587 F.2d at 870.  It is implicit in this holding that the plaintiff must have a reasonable opportunity to file a motion for certification.  The trial court in the instant case had a great deal of time in which to consider a motion for certification, had one been filed.  As defendant tendered plaintiff the recoverable monetary damages he sought prior to plaintiff filing a motion to certify the class, we remand this matter to the trial court to determine the plaintiff's individual damages, confined to $554.40 plus interest from the date plaintiff sent that amount to Time to the date Time tendered that amount to plaintiff. We find that plaintiff is not entitled to recover costs or attorney fees for the reasons stated in 
Hillenbrand
, 308 Ill. App. 3d at 389-90. 

Finally, based on the facts of this case and the foregoing analysis, we answer the certified question in the negative as it applies to this particular case.  However, we do not answer the question of whether a named representative in a multi-state class action suit filed in Illinois must demonstrate the existence of an Illinois subclass sufficiently numerous to meet the numerosity prerequisites of section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 1998)) in order to have a national class certified.  Under the circumstances present here, we find that it is appropriate to not answer the certified question as any answer we give would be "advisory and provisional." 
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d at 469-70.  The answer to this question is best left for another day and another case.

Dismissed in part and remanded in part.                            GREIMAN, and THEIS, JJ., concur