FIFTH DIVISION

No. 1-07-0814

| | | |
|---|---|---|
| IRWIN COHEN, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06 CH 11824 |
| COMPACT POWER SYSTEMS, LLC, a California Limited Liability Corporation, ENTERPRISE SYSTEMS, INC., d/b/a ESI Enterprises, Inc., an Illinois Corporation, NEXTEL WEST CORPORATION, and MR. CELL WIRELESS, an Illinois Corporation, | ) ) ) ) ) ) | The Honorable James R. Epstein, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Plaintiff-appellant Irwin Cohen (Cohen), on behalf of himself and all others similarly situated, filed a class action complaint against defendants-appellees Compact Power Systems, LLC (Compact), Enterprise Systems, Inc. (Enterprise), Nextel West Corp. (Nextel West) and Mr. Cell Wireless (Mr. Cell) regarding his purchase of certain batteries. Compact and Nextel West filed motions to dismiss. The trial court granted Compact's motion, finding that Cohen's cause of action was moot and dismissing the cause as to all defendants. Cohen appeals, contending that the trial court erred when it granted Compact's motion. He asks that we reverse and vacate the court's order and remand the cause for further proceedings, including trial. For the following reasons, we affirm.

BACKGROUND

On February 22, 2006, Cohen went to Mr. Cell, an authorized retailer of Nextel products, to purchase a cellular telephone. While at this store, Cohen saw a display for Cellboost brand batteries for portable devices, a non-Nextel product. Each of the battery packages advertised a coupon offer of "Buy 1 Get 1 Free! -- limited time mail in offer," with the coupon sealed inside. Cohen purchase three of these Cellboost battery packages. Later, upon opening them, Cohen discovered that the coupons inside had an expiration date of January 31, 2006, approximately one month before he bought them. On June 14, 2006, alleging that he would not have bought the batteries if they had not been offered with the coupon, Cohen filed a class action complaint against Compact (the battery manufacturer), Enterprise (the battery distributor), Mr. Cell and Nextel Retail Stores, LLC, alleging unfair conduct, deceptive business practices, unjust enrichment and conversion.

On July 5, 2006, Compact sent a letter to Cohen explaining that since at least that date, it had been informing its customers via its Web site and an 800 telephone number, both of which were listed on the Cellboost battery coupons, that it would be honoring all of the expired coupons through January 2007. Compact attached a printout of its Web site to the letter to reflect this policy. On July 26, 2006, Compact filed its appearance in the cause. On July 31, 2006, Compact made a settlement offer to Cohen of all his alleged damages, informing him again of its policy to honor the expired coupons. As the terms of its offer, Compact sent Cohen a check for $27.70 (the cost of three Cellboost batteries plus 5% interest) and, as an alternative, an offer to provide him with three Cellboost batteries in lieu of payment; the offer made clear that Compact would

continue honoring the expired coupons. Cohen rejected the offer and returned the check to Compact.

In August 2006, Nextel Retail Stores, LLC, filed a motion to dismiss, asserting that Cohen had named the wrong Nextel entity in his suit and that he failed to allege facts sufficient to establish an agency relationship between Nextel Retail Stores, LLC, and Mr. Cell. On September 5, 2006, Cohen obtained leave to file an amended complaint by October 3, 2006. Before he filed his amended complaint, Compact renewed its settlement offer and Cohen again rejected it.

On October 3, 2006, Cohen filed an amended class action complaint to name the proper Nextel entity: Nextel West; all other portions of the complaint remained the same. On October 31, 2006, Compact filed a motion to dismiss the cause pursuant to both sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2006)), asserting, respectively, that Cohen failed to adequately plead each count in the amended complaint and that his cause was moot because Compact had made tender offers prior to his filing for class certification. Nextel West also filed a section 2-619 motion to dismiss, asserting that since Mr. Cell is an independent contractor, Nextel West could not be liable for Mr. Cell's sale of the non-Nextel batteries.

Following a hearing, the trial court granted Compact's section 2-619 motion on February 27, 2007, finding Cohen's cause to be moot because Compact had made a tender offer to Cohen and all putative class members through its July 5, 2006, letter giving them the full relief requested in the amended complaint before Cohen had filed for class certification. The trial court

3

further concluded that "there was no attempt to thwart the class action" since Compact not only tendered the offer at that time in the full amount of relief requested in the amended complaint, but also informed Cohen that the coupons would continue to be honored for all putative class members until at least January 2007.[1]  Because the trial court dismissed all of the named defendants pursuant to its finding, the court did not address Nextel West's motion to dismiss.

Cohen has never filed a motion for class certification in this cause.

ANALYSIS

On appeal, Cohen contends that the trial court improperly granted Compact's section 2-619 motion to dismiss his amended class action complaint as moot.  Cohen asserts that the court erred when it based its decision on the fact that Compact made a tender to him before he filed a motion for class certification and that he was not afforded a reasonable opportunity in which to file such a motion.  We disagree.

A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint and affirms all well-pled facts and their reasonable inferences, but raises defects or other matters either internal or external from the complaint that would defeat the cause of action. See Hermitage Corp. v. Contractors Adjustment Co., 166 Ill. 2d 72, 85 (1995); Jenkins v. Concorde Acceptance Corp., 345 Ill. App. 3d 669, 674 (2003).  While a trial court should not grant such a motion unless it is clear that there is no way a plaintiff may recover (see Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 280 (1982)), dismissing a cause pursuant to section

---

[1]Compact indicates in its brief on appeal that it further extended its offer via its Web site to honor the expired coupons until January 8, 2008.

4

No. 1-07-0814

2-619 efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. See Coles-Moultrie Electric Cooperative v. City of Sullivan, 304 Ill. App. 3d 153, 158 (1999). We review an appeal from the grant of a section 2-619 motion on a *de novo* basis in order to determine whether the trial court correctly found no genuine issue of material fact existed and judgment as a matter of law was proper. See Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116 (1993); accord Spirit of Excellence, Ltd. v. Intercargo Insurance Co., 334 Ill. App. 3d 136, 145 (2002); accord Zedella v. Gibson, 165 Ill. 2d 181, 185-86 (1995).

A cause of action "is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." Wheatley v. Board of Education of Township High School District 205, 99 Ill. 2d 481, 484-85 (1984); accord Gelb v. Air Con Refrigeration & Heating, Inc., 356 Ill. App. 3d 686, 699 (2005) (Gelb II); Yu v. International Business Machines Corp., 314 Ill. App. 3d 892, 898 (2000).

In order for a class action to proceed, the named representative of the putative class who has filed the complaint--*i.e.*, the plaintiff--must possess a valid claim against the defendant.[2] See

_____

[2]We note for the record that at the outset of its brief on appeal, Nextel West presents a concise argument asserting that this case can be resolved on the ground that Compact offered full relief to the entire putative class involved herein, citing Armstrong v. Ward, 529 F.2d 1132 (2d Cir. 1976). In Armstrong, eight prisoners filed a class action suit against the commissioner of correctional services to prevent the transfer of inmates from one prison to another. Before they moved for class certification, the commissioner began returning inmates to the original prison

5

Wheatley, 99 Ill. 2d at 486 (this is a statutory prerequisite before a suit can be sanctioned and maintained as a class action). The defendant is not prohibited from offering a settlement or tender to the named plaintiff or putative class members prior to class certification. See Arriola v. Time Insurance Co., 323 Ill. App. 3d 138, 145 (2001). In fact, the defendant may do so even if this renders the class action no longer maintainable (see Arriola, 323 Ill. App. 3d at 145 (that is, even if this causes an insufficient number of remaining class members)), and regardless of whether the defendant had the intent to prevent class formation with such tender (see Bruemmer v. Compaq Computer Corp., 329 Ill. App. 3d 755, 763 (2002), citing Arriola, 323 Ill. App. 3d at

———————————————————

and certified that all reassignments to the other prison would be stopped and the prison closed. The Armstrong court held that since relief was tendered and covered the entire class that became certified, the cause should be dismissed as moot. See Armstrong, 529 F.2d at 1135-36.

While this strengthens Nextel West's argument, we note that no other party to this appeal addresses the effect of a tender to an entire class and that Nextel West has not cited any Illinois state cases as support. Moreover, the majority of Nextel West's brief addresses situations where tender is offered to the named plaintiff in a class action. In addition, it is clear that the instant case falls in this latter category, as the record reveals only that Compact's July 5, 2006, letter (which the trial court here indicated was the operative tender offer) was mailed directly to Cohen--it is unclear who else, if anyone, received it. Thus, for these reasons and since we have the authority to sustain the decision of a trial court on any ground which is called for by the record (see City of Chicago v. Holland, 206 Ill. 2d 480, 492 (2003)), we choose to proceed by examining the effect of tender to named plaintiffs rather than to the entire class.

6

150). The plaintiff, meanwhile, is not allowed to perpetuate controversies by merely refusing the defendant's tender. See Hillenbrand v. Meyer Medical Group, S.C., 308 Ill. App. 3d 381, 389 (1999); accord Gelb II, 356 Ill. App. 3d at 700; Bruemmer, 329 Ill. App. 3d at 761.

Therefore, the general rule has developed that if the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. See Kostecki v. Dominick's Finer Foods, Inc., 361 Ill. App. 3d 362, 376-77 (2005) (this is the "general rule" regarding class actions and tenders); accord Gelb II, 356 Ill. App, 3d at 700 (proper tender before certification "mandates dismissal"); Bruemmer, 329 Ill. App. 3d at 763; Arriola, 323 Ill. App. 3d at 150; Hillenbrand, 308 Ill. App. 3d at 391; see, *e.g.*, Yu, 314 Ill. App. 3d at 899 (where the plaintiff was aware of tender after filing complaint but before filing motion for class certification, case must be dismissed). Consequently, should the defendant then file a motion to dismiss the cause, the trial court may rule upon that motion even before it has examined the issue of class certification. See Wheatley, 99 Ill. 2d at 486; accord Gelb II, 356 Ill. App. 3d at 700; see also Bruemmer, 329 Ill. App. 3d at 764 ("[a] motion to dismiss for failure to state a cause of action may be acted upon in a class action before determination of certification issues," and the "class action complaint should be dismissed at the pleading stage if the complaint fails to meet the statutory requirements for class certification").

Cohen stresses throughout his brief on appeal that while Compact tendered full relief to him via its checks for the amount of the three batteries plus interest and its offers to send him three free batteries, he consistently refused to accept tender of any sort. Although this may be

true, it has no relevance to the instant cause; as we have noted above, it is not as if the named plaintiff's rejection of the defendant's tender resolves the cause in the plaintiff's or the putative class' favor. First, we have already discussed that named plaintiffs cannot perpetuate controversies by rejecting tender. Second, our courts have on several occasions dismissed class actions in their entirety even though the named plaintiff rejected the defendant's tender offer. See, *e.g.*, Bruemmer, 329 Ill. App. 3d 755 (class action dismissed as moot even though the plaintiff did not accept tender); Arriola, 323 Ill. App. 3d 138 (same); see also Wheatley, 99 Ill. 2d 481.

The key here lies not, as Cohen seems to insist, in whether he accepted Compact's tender. Rather, whether Cohen filed a motion to certify a class in this cause is the "important consideration" in determining the effect, if any, Compact's tender had on his class claim. Arriola, 323 Ill. App. 3d at 148 ("whether a motion to certify a class has been filed is an important consideration in determining the effect a tender offer has on a class action suit"); accord Bruemmer, 329 Ill. App. 3d at 762-63; Gelb v. Air Con Refrigeration & Heating, Inc., 326 Ill. App. 3d 809, 814 (2001) (Gelb) ("[u]ltimately, however, a determination of whether defendants' tender has supplied plaintiff with all he requested is not the deciding factor \*\*\*. Rather, we believe the crux of the matter is to be resolved through an examination of when, in the life span of this suit at the trial level, such tender was made"). This is because motions to certify the class are required, by both statute and case law, to be made by the named plaintiff "expeditiously" and " '[a]s soon as practicable,' " particularly in those cases where the named plaintiff's claim may become moot. Arriola, 323 Ill. App. 3d at 148-49 (quoting 735 ILCS 5/2-802(a) (West 1998),

and also quoting Nelson v. Murphy, 44 F.3d 497, 500 (7th Cir. 1995) (the requirement is " 'imperative not only so that the parties know whose interests are at issue but also so that representative plaintiffs with live claims may be substituted for those whose claims have become moot' ")); accord Bruemmer, 329 Ill. App. 3d at 764; Gelb, 326 Ill. App. 3d at 821.  Essentially, "a plaintiff must pursue a motion for class certification with reasonable diligence."  Bruemmer, 329 Ill. App. 3d at 763, citing Arriola, 323 Ill. App. 3d at 151-52, and Gelb, 326 Ill. App. 3d at 821.

When a motion for class certification is filed after the defendant makes tender to the named plaintiff, or when the named plaintiff never files this motion, the question becomes whether, under the circumstances, the plaintiff exercised the required reasonable diligence in pursuing his class action claim.  See Bruemmer, 329 Ill. App. 3d at 762; Arriola, 323 Ill. App. 3d at 150-51; Gelb, 326 Ill. App. 3d at 821; see, *e.g.*, Hillenbrand, 308 Ill. App. 3d 381.  A review of the circumstances may indicate that the timing of the defendant's tender was an attempt to unfairly "pick off" the class action representative without offering him a full opportunity to develop the suit.  See Gelb, 326 Ill. App. 3d at 814; accord Arriola, 323 Ill. App. 3d at 152 (the plaintiff must have a reasonable opportunity to file a motion for certification); Gelb II, 356 Ill. App. 3d at 700 (denying such opportunity to the plaintiff would allow a defendant to avoid any class action suit by tendering payments to the plaintiff before a court ruling on a motion for certification).  In these instances, the plaintiff's class action complaint should not be dismissed as moot.  See, *e.g.*, Gelb, 326 Ill. App. 3d 809; Hillenbrand, 308 Ill. App. 3d 381.  However, on the other hand, a review of the circumstances may prove that the named plaintiff simply was not

diligent in pursuing the class action claim. See Arriola, 323 Ill. App. 3d 151-52; accord Bruemmer, 329 Ill. App. 3d at 764. In these instances, the plaintiff's class action complaint should be dismissed as moot. See, *e.g.*, Bruemmer, 329 Ill. App. 3d at 755; Arriola, 323 Ill. App. 3d 138. Ultimately, the plaintiff's due diligence must be determined on a case-by-case basis. See Bruemmer, 329 Ill. App. 3d at 763; accord Gelb, 326 Ill. App. 3d at 822; see also Arriola, 323 Ill. App. 3d at 150-52 (examining the circumstances of several cases and comparing them to that case to determine whether the plaintiff was diligent in filing for class certification).

In the instant case, the record is clear, and Cohen does not dispute, that, as of the current status of this cause, a motion for class certification has yet to be filed. Plainly put, Cohen has never moved for class certification at any point during the pendency of this cause. Thus, we are called upon to examine the circumstances present in the instant case to determine whether, under these, Cohen has exercised reasonable diligence in pursuing his class action suit.

Cohen relies heavily on Gelb, claiming that the facts there are "analogous" to the instant case and, thus, his cause should not be dismissed as moot. In Gelb, an employee brought a class action suit against certain corporations claiming they conspired to violate state minimum wage laws. The corporate defendants tendered full relief to the named plaintiff before he filed a motion for class certification; the plaintiff, in fact, like Cohen, never filed such a motion during the pendency of the cause. Following tender, the defendants moved to dismiss the action and the trial court granted their motion, finding that the tender mooted the plaintiff's claim. Upon review, however, the Gelb court reversed, holding that the cause was not moot. See Gelb, 326 Ill. App. 3d at 822.

In conducting its case-by-case examination of the circumstances presented, the Gelb court noted that the defendants had filed their motion to dismiss only 56 days after the plaintiff had filed the complaint, and the trial court ruled on this motion and dismissed the cause only 111 days from the initiation of the suit. See Gelb, 326 Ill. App. 3d at 821. The Gelb court also noted that during this time, the plaintiff served discovery upon the defendants directly aimed at obtaining the identities of putative class members and other information necessary to file a motion for class certification, but that the trial court ordered all discovery to be stayed, thereby effectively preventing the plaintiff from filing this motion. See Gelb, 326 Ill. App. 3d at 812, 821. Based on this, the Gelb court reasoned that the plaintiff had not been afforded a reasonable opportunity to file his motion for certification and that this outweighed any concern regarding whether the defendants had made a full tender or whether a motion for class certification was ever filed. See Gelb, 326 Ill. App. 3d at 822. Thus, finding that this fact situation revealed that the plaintiff had not had enough time in which to even begin to act diligently in pursuing his claim (let alone file the necessary motion for class certification) before a motion to dismiss had been filed, the Gelb court concluded that the class action should not be dismissed as moot. See Gelb, 326 Ill. App. 3d at 821-22.

In stark contrast lies the case of Arriola. There, the plaintiff-insured brought a class action suit against the defendant insurance company regarding its subrogation policy. Before the plaintiff could file a motion for class certification, the defendant tendered payment to him and all putative class members. The plaintiff refused to accept the tender, but never filed a motion for class certification. The defendant moved to dismiss the cause, and the trial court granted its

11

motion. Following remand on other grounds, the trial court certified an issue to the appellate court regarding class status. Tackling the issue on review, the Arriola court addressed the effects of unaccepted tender and the failure to file a motion for class certification upon a class action suit. Finding the latter to be significant, the Arriola court next examined whether, based upon the circumstances presented, the plaintiff's failure to file that motion mooted the cause. See Arriola, 323 Ill. App. 3d at 148. With particularity, the Arriola court noted that the motion to dismiss was not filed until 14 months after the complaint, that the trial court waited more than 20 months before dismissing the cause, and significantly, that the plaintiff had not pursued the motion for certification in any way during this time. See Arriola, 323 Ill. App. 3d at 151. Finding that the trial court would have had a good deal of time in which to consider a motion for class certification "had one been filed," the Arriola court held that the cause was moot because the facts indicated that the plaintiff had not exercised reasonable diligence in filing the motion although he had a reasonable opportunity to do so. Arriola, 323 Ill. App. 3d at 151 ("[the] plaintiff must have filed a motion for class certification and pursued it with reasonable diligence. We hold that [the] plaintiff did not do this. Therefore, *** this matter as a class action became moot"); see Bruemmer, 329 Ill. App. 3d at 764 (trial court's decision to dismiss class action as moot a year and a half after it was filed was proper where the defendant moved to dismiss 5 months after it was filed and before the plaintiff moved for class certification--having waited some 16 months to do so--since it was clear that the plaintiff "failed to demonstrate reasonable diligence" in moving for class certification); see Wheatley, 99 Ill. 2d at 486 (class action was moot where, in addition to the plaintiffs' acceptance of tender, the reviewing court noted that the

No. 1-07-0814

plaintiffs never moved for class certification although they were required to do so "as soon as practicable").

The instant cause here is clearly more factually similar to Arriola than to Gelb. Although Cohen was charged with the duty to file a motion for class certification expeditiously and to do so with reasonable diligence, he did not. This is quite significant particularly because Compact made tender upon Cohen through its July 5, 2006, letter detailing it would honor all expired coupons. Thus, Cohen was on notice that his claim as the named representative may become moot. Following this letter, Compact sent Cohen a check for the batteries and an alternative offer to give him batteries two months after Cohen filed his class action, and did so again a month later. Compact then waited two more months, or five months after plaintiff had filed his complaint, to move to dismiss the cause, and the trial court did not grant the motion until eight months after the complaint had been initiated. Yet, in all this time, Cohen did not move for class certification--he never did so.

Cohen makes much of the fact that the trial court had granted him leave to file an amended complaint until October 3, 2006. He argues that because Compact made its second tender before he had the opportunity to do so and that Compact moved to dismiss only 28 days after he filed this amended complaint, Compact attempted to thwart the class action and he simply was not given a reasonable opportunity to file his motion for class certification, identical to the assertions of the plaintiff in Gelb. This is wholly inaccurate.

The plaintiff in Gelb faced a timeline of only 56 days before the defendant moved to dismiss and only 111 days before the trial court granted that motion. Yet, in this "time-crunch,"

13

he affirmatively initiated discovery to find information necessary to filing a motion for class certification; he was effectively prevented from doing so by the trial court. In contradistinction, Cohen had five months before Compact moved to dismiss and over eight months before the trial court granted that motion. In this entire time, which was undeniably much longer than that experienced by the plaintiff in Gelb, Cohen did nothing to even pursue a motion to certify the class in his cause. That he was allowed to file an amended complaint is of no significance here. Until the amended complaint was filed, his original complaint stood as the basis of the suit. And, when he did file the amended complaint, all portions of it remained the same; the only change was in the caption which finally named Nextel West as a proper defendant. Cohen was never prevented, as was the plaintiff in Gelb, from filing his motion for class certification or from conducting the discovery necessary to file it. What is more, the trial court here specifically found that nothing in the timeline of this cause or in the behavior of Compact indicated that Compact had attempted to "pick off" Cohen as the named representative or thwart the class action suit.

From all this, it is clear to us that in the eight-month life span of this case, the trial court would have had plenty of time in which to consider a motion for class certification, had one been filed. Cohen, however, never did so. There is nothing in the record here to indicate that this exemplified any sort of reasonable diligence on Cohen's part. Therefore, having concluded that Cohen did not act diligently in pursuing the class action, we find, in accordance with the legal principles announced herein, that when Compact tendered Cohen's recoverable damages, Cohen's right to proceed in this matter as a class action became moot. Consequently, as Cohen was no longer a proper class representative, he could not seek relief on behalf of any other putative class

member and, as no remaining class member ever moved to substitute himself as a named representative in this suit, the class action claim here was properly dismissed as moot. See, *e.g.*, Bruemmer, 329 Ill. App. 3d at 764; Arriola, 323 Ill. App. 3d at 151; see also Wheatley, 99 Ill. 2d at 486-87 (once representative's claim is resolved, he is no longer member of class as his interests are no longer consistent with class and, where no other member of class seeks to be representative, class action requirements cannot be met and action cannot be maintained).

As this disposition pertains to the class action suit as a whole, and thus to all defendants involved herein, it is not necessary to consider the additional or alternative contentions on appeal presented by Compact regarding its section 2-615 motion to dismiss and by Nextel West regarding its corporate relationship with Mr. Cell.[3]

CONCLUSION

Accordingly, for all the foregoing reasons, we affirm the judgment of the trial court dismissing Cohen's class action complaint as moot.

Affirmed.

---

[3]As a final note, Cohen cursorily asserts in his brief that the trial court made an improper evidentiary finding that Compact posted its offer to honor the coupons on its Web site before the class action claim was filed. Cohen insists that no such Web page existed until after he filed the suit. Regardless of the truth of the matter, the court's colloquy in the record makes clear that the Web site posting was not the basis for its decision. Rather, the court stated that it was the actual letter Compact sent to Cohen on July 5, 2006, stating that it would honor his coupons, that was the tender of import here upon which it decided to dismiss the cause.

GALLAGHER and O'MARA FROSSARD, JJ., concur.

No. 1-07-0814

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**
**(Front Sheet to be Attached to Each Case)**

Please use the following form

Irwin Cohen, on Behalf of Himself and All Others Similarly Situated,

Plaintiff-Appellant,

v.

Compact Power Systems, LLC, a California Limited Liability Corporation, Enterprise Systems, Inc., d/b/a ESI Enterprises, Inc., an Illinois Corporation, Nextel West Corporation, and Mr. Cell Wireless, an Illinois Corporation,

Defendants-Appellees.

Docket No.

COURT Opinion Filed

No. 1-07-0814

Appellate Court of Illinois
First District, FIFTH Division

April 4, 2008
(Give month, day and year)

PRESIDING JUSTICE JAMES FITZGERALD SMITH DELIVERED THE OPINION OF THE COURT:

JUSTICES

GALLAGHER and O'MARA FROSSARD, JJ. concur.

APPEAL from the Circuit Court of Cook County; the Hon_____ Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in margin:

Cook        Appeal from the Circuit Court of Cook County.

The Hon. JAMES R. EPSTEIN, Judge presiding.

FOR APPELLANTS
John Doe, of Chicago

For APPELLEES, :

Smith and Smith of Chicago,

Indicate if attorney represents APPELLANTS or APPELLEES and include attorney's of counsel. Indicate the word r NONE if not represented.

APPELLANT: LAW OFFICES OF MARK D. BELONGIA, LLC, Chicago, IL Mark D. Belongia and Nathaniel R. Sinn

APPELLEE COMPACT POWER SYSTEMS, LLC: MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C., Chicago, IL Anthony C. Valiulis and Melinda J. Morales

APPELLEE NEXTEL WEST CORPORATION: GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM &MORITZ, LTD., Chicago, IL Frederic R. Klein, Roger A. Lewis and Priya M. Bhatia

(Joseph Brown, of counsel) Add attorneys for third-party appellants and/or appellees.

17