PRESIDING JUSTICE CAHILL, dissenting: I respectfully disagree with the majority’s conclusion that plaintiff can proceed on her class action claim despite defendant’s full tender of damages and in the absence of a pending motion for class certification. The facts of this case are controlled by Wheatley v. Board of Education of Township High School District 205, 99 Ill. 2d 481, 459 N.E.2d 1364 (1984). The plaintiffs there were two teachers who had been dismissed by the defendant board of education. Wheatley, 99 Ill. 2d at 483. The plaintiffs filed a class action complaint on behalf of 57 other teachers who had also been dismissed. Wheatley, 99 Ill. 2d at 483. Nearly one month after the complaint was filed, the board offered, and the two named plaintiffs accepted, reinstatement. Wheatley, 99 Ill. 2d at 483-84. The board moved to dismiss the complaint on mootness grounds four months later. Wheatley, 99 Ill. 2d at 484. The trial court granted the motion. Wheatley, 99 Ill. 2d at 484. Our supreme court affirmed. Wheatley, 99 Ill. 2d at 487. The court held the claims of the named plaintiffs became moot when the board granted the relief demanded by the complaint — namely, reinstatement. Wheatley, 99 Ill. 2d at 485. Anticipating this finding, the plaintiffs argued in the alternative that the complaint was improperly dismissed because relief could still have been granted to the teachers who had not been offered reinstatement. Wheatley, 99 Ill. 2d at 484. The court rejected this argument on two grounds: (1) the named plaintiffs failed to move for class certification before the trial court ruled on the board’s motion to dismiss; and (2) no remaining member of the class sought to substitute himself as the named representative. Wheatley, 99 Ill. 2d at 485-87. An exception to Wheatley has slowly evolved in our appellate court. The exception, which the majority terms the “pick off” exception, has its origin in Arriola v. Time Insurance Co., 323 Ill. App. 3d 138, 751 N.E.2d 221 (2001). The court there relied on Wheatley in holding a class action cannot be sustained if the defendant tenders full damages to the named plaintiff before the plaintiff moves for class certification. Arriola, 323 Ill. App. 3d at 151. The court went on to say in dicta that had the named plaintiff moved for class certification early in the litigation, the result could have been different. Arriola, 323 Ill. App. 3d at 151-52. The court quoted this language from Susman v. Lincoln American Corp., 587 F.2d 866, 870 (7th Cir. 1978): “ ‘If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification.’ ” Arriola, 323 Ill. App. 3d at 152; see also 735 ILCS 5/2 — 802 (West 2008). The Arriola court interpreted this language as implicitly holding that a class action plaintiff must be given a “reasonable opportunity” to move for class certification before the case can be dismissed. Arriola, 323 Ill. App. 3d at 152. Arriola has since been cited for the proposition that a class action suit should not be dismissed where the defendant tendered full payment to the named plaintiff before the plaintiff had a “reasonable opportunity” to move for certification of the class. See Gelb v. Air Con Refrigeration & Heating, Inc., 326 Ill. App. 3d 809, 821, 761 N.E.2d 265 (2001); Bruemmer v. Compaq Computer Corp., 329 Ill. App. 3d 755, 763-64, 768 N.E.2d 276, 283 (2002); Cohen v. Compact Power Systems, LLC, 382 Ill. App. 3d 104, 109-14, 887 N.E.2d 668 (2008); Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334, 340-42, 908 N.E.2d 163 (2009). The exception to Wheatley developed through this line of cases has no basis in law. Susman did not hold, as the Arriola court suggested, that a named plaintiff in a class action suit is entitled to a reasonable opportunity to move for class certification. The court was concerned with the trial court’s opportunity to rule on class certification once a motion to dismiss has been filed. Susman, 587 F.2d at 870. The court’s holding was limited “to the fairly narrow situation where a motion for certification has been pursued with reasonable diligence and is pending when a tender is made.” (Emphasis added.) Susman, 587 F.2d at 871 n.4. The majority cites public policy concerns in allowing a defendant to prevent class action litigation by “picking off’ the named plaintiff before there is an opportunity to protect the interests of absent class members by moving for certification. But there is no prohibition against settlements with class members as long as the rights of non-settling class members are not affected. Jankousky v. Jewel Cos., 182 Ill. App. 3d 763, 767, 538 N.E.2d 689 (1989) (noting that public policy favors and encourages settlements). There is no suggestion here that defendant’s refund to plaintiff affected the rights of others who did not receive similar refunds. Presumably, the remaining class members can either pursue class litigation or bring their claims individually. Indeed, this class action could have survived had one of the nonsettling class members substituted himself as the named representative. See Wheatley, 99 Ill. 2d at 487. Plaintiff had 207 days, from the time the complaint was filed until the time the trial court ruled on defendant’s motion to dismiss, to file a motion for class certification. She failed to do so. I would affirm the trial court’s dismissal under Wheatley.