No. 3–08–0761

March 5, 2010–CORRECTION

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-795 |
| LESTER MUHAMMAD, | ) ) | Honorable Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

After a bench trial, defendant, Lester Muhammad, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)) and sentenced to an extended term of four years' imprisonment. Defendant appeals his conviction, arguing that he was not proven guilty beyond a reasonable doubt because the State failed to establish a sufficient chain of custody to prove that the substance that was tested and found to contain cocaine was the same substance that was seized from the scene of the crime. We affirm.

FACTS

In May of 2007, defendant was charged with home invasion, aggravated kidnaping, residential burglary, unlawful possession of a controlled substance, and two counts of unlawful possession of a weapon by a felon relating to the April 12, 2007, alleged kidnaping of Rossita Woodring, a woman who was pregnant with defendant's child. After the incident was reported, police searched for

Woodring and found her at an apartment building the following morning with defendant. Defendant was arrested at that time and a baggy containing a quantity of cannabis and cocaine was allegedly recovered from his person.

Defendant's case proceeded to a bench trial in May of 2008. Most of the evidence presented at the trial pertained to the charges on which defendant was later found not guilty and will not be addressed in this opinion. However, with regard to drug charge, the only charge on which defendant was found guilty, the following evidence was adduced at trial.

Park Forest police officer Brian Rzyski testified that he took custody of defendant at the apartment complex after defendant had been arrested, that he searched defendant's person and that he found a clear ziplock baggy in defendant's front right pocket. Inside the clear baggy was suspected cannabis and another clear baggy which contained several smaller baggies, each of which contained an off-white, rock-like substance, which was suspected to be cocaine. One of the baggies that had suspected cannabis in it had an insignia on it that caught Rzyski's attention, which Rzyski described as a "Batman" design. On the stand, Rzyski was shown People's Exhibit No. 2 and identified it as the baggy of suspected cannabis and cocaine that he recovered from defendant's pocket. Rzyski testified that the baggy was in the same or substantially same condition as when he recovered it, other than certain cuts that had been made in the inner baggies by the crime lab. Rzyski stated that all of that evidence was now contained in an additional container or plastic bag, which Rzyski "assumed" was from the lab. Rzyski testified further that the item was inventoried by Park Forest and sent to the crime lab. Rzyski indicated that he knew that the item was inventoried by Park Forest because it had the agency name on top and the offense and because it was signed by Detective Varga, Rzyski's partner who had inventoried the item. Rzyski testified that after he recovered the

item from defendant, he handed it over to Varga, who was the lead investigator on the crime.

After Rzyski testified, People's Exhibit No. 2 (the baggy of drugs) was admitted into evidence without objection. In addition, the State and defense counsel stipulated to the lab report--that the forensic chemist at the crime lab would testify that "the substance that officer Rzyski just testified that he recovered from [defendant] did test positive as cocaine" and had a weight of 5.4 grams.

With regard to the drug possession charge, defendant testified at the trial that he did not have any drugs on his person; that he saw the officer recover the drugs from the inside pocket of a very large jacket that was in the apartment; that neither the apartment, the jacket, nor the drugs were defendant's; and that defendant had no knowledge of the drugs.

During the trial and in closing argument, defense counsel did not challenge the chain of custody as to the drug charge or that the substance that was recovered was cocaine. Rather, defense counsel focused his attack on the possession element of that offense, arguing in closing argument that the State had failed to prove beyond a reasonable doubt that defendant had knowledge or possession of the cocaine. Defense counsel asked the trial judge to find defendant's version of events to be more credible than the officer's with regard to the finding of the drugs.

At the conclusion of the bench trial, the trial court took the matter under advisement. The trial court subsequently found defendant guilty of unlawful possession of a controlled substance and not guilty of all of the remaining charges. Defendant filed a motion to vacate judgment or in the alternative for new trial (motion for new trial), alleging that the State had failed to prove beyond a reasonable doubt that defendant had knowledge or possession of the cocaine. In the motion for new trial, defendant did not attack the chain of custody. The motion for new trial was denied and the case proceeded to a sentencing hearing. After a sentencing hearing, defendant was sentenced to an

3

extended term sentence of four years' imprisonment. This appeal followed.

ANALYSIS

On appeal, defendant argues that he was not proven guilty beyond a reasonable doubt of unlawful possession of a controlled substance because the State failed to establish a sufficient chain of custody to show that the substance that was tested by the lab and determined to be cocaine was the same substance that was recovered from the scene. Defendant asserts that the State presented no evidence to show that the police took reasonable protective measures to ensure that the substance had not been tampered with, substituted, or altered between the time it was seized and when it was tested at the crime lab.

The State argues that the prosecutor presented a sufficient chain of custody through a stipulation between the parties that the forensic chemist would testify that the substance that the officer seized from defendant tested positive for cocaine and weighed 5.4 grams. Thus, the State contends that defendant has waived any objection to the chain of custody. In making that argument, the State notes that defense counsel at trial did not defend this case on the basis that the substance at issue was not cocaine but, rather, argued that the State had failed to prove that defendant had knowledge or possession of the substance.

On appeal in the instant case, defendant attempts to characterize his challenge to the chain of custody as an attack on the sufficiency of the evidence. However, in People v. Woods, 214 Ill. 2d 455, 828 N.E.2d 247 (2005), our supreme court expressly rejected such an attempt, stating:

"We reject the notion that a challenge to the State's chain of custody is a question of the sufficiency of the evidence. A chain of custody is used to lay a proper foundation for the admission of

4

evidence. Accordingly, a defendant's assertion that the State has presented a deficient chain of custody for evidence is a claim that the State has failed to lay an adequate foundation for that evidence. [Citation.] Thus, a challenge to the chain of custody is an evidentiary issue that is generally subject to waiver on review if not preserved by defendant's making a specific objection at trial and including this specific claim in his or her posttrial motion." Woods, 214 Ill. 2d at 471, 828 N.E.2d at 257.

Our supreme court's ruling in that case could not be any more clear, and we are bound by that ruling. See Angelini v. Snow, 58 Ill. App. 3d 116, 119, 374 N.E.2d 215, 217 (1978) (state appellate courts are bound by the state supreme court and have no authority to overrule the supreme court or to modify its decisions). Thus, we reject defendant's attempt to characterize the issue raised on appeal in the instant case as an attack on the sufficiency of the evidence. See Woods, 214 Ill. 2d at 471, 828 N.E.2d at 257; Angelini, 58 Ill. App. 3d at 119, 374 N.E.2d at 217. Rather, as the supreme court pointed out in Woods, defendant's claim in this case is an attack on the admissibility of evidence, an assertion that the State has failed to lay an adequate foundation for the admission of the evidence at trial. See Woods, 214 Ill. 2d at 471, 828 N.E.2d at 257. Such an attack is waived on appeal (procedurally defaulted) unless defendant objected to the admissibility of the evidence at trial and also specifically raised the error in a posttrial motion. Woods, 214 Ill. 2d at 471, 828 N.E.2d at 257. The application of the waiver rule is especially important in the context of a foundation challenge because had an objection been made at trial, the proponent of the evidence would have had an opportunity to remedy the defect so as to secure the admissibility of the evidence. See Woods,

5

214 Ill. 2d at 470, 828 N.E.2d at 257. Moreover, when a stipulation to evidence is involved, such as in the present case, a defendant's ability to challenge the stipulated evidence on appeal has been affirmatively waived because defendant has procured, invited, or acquiesced in the admission of the evidence and in any resulting error that has occurred. Woods, 214 Ill. 2d at 475, 828 N.E.2d at 259.

In rejecting defendant's attempt to characterize his argument on appeal as an attack on the sufficiency of the evidence, we recognize that the supreme court in Woods acknowledged that under limited circumstances, a challenge to the chain of custody could properly be raised for the first time on appeal if the alleged error rose to the level of plain error, for example, in the rare instance where a complete breakdown in the chain of custody had occurred such that there was no link between the substance tested by the chemist and the substance recovered at the time of defendant's arrest. See Woods, 214 Ill. 2d at 471-72, 828 N.E.2d at 257-58. Indeed, defendant makes that very argument here–that the chain of custody is so lacking in this case that this issue, although waived, may be raised in the instant case under the plain error doctrine as an attack on the sufficiency of the evidence. Defendant's argument in that regard, however, misconstrues the supreme court's statement in Woods.

The supreme court's acknowledgment regarding plain error in Woods does not support defendant's claim that the supreme court was indicating that a challenge to the chain of custody could be brought as a challenge to the sufficiency of the evidence. Rather, the supreme court was merely recognizing the possible application of the plain error doctrine to an issue that would otherwise be waived (a challenge to the chain of custody) or procedurally defaulted on appeal. If defendant's position on this matter were correct, there would have been no reason for the supreme court in Woods to have mentioned the plain error doctrine because a challenge to the sufficiency of the

6

evidence is not subject to the waiver rule and can be raised by a defendant for the first time on direct appeal, even if not properly preserved, without any need by the defendant to assert that plain error has occurred. See Woods, 214 Ill. 2d at 470, 828 N.E.2d at 257.

Furthermore, to the extent that defendant has argued that plain error has occurred in this case, we must reject that argument as well. Simply put, this case is not one of those rare circumstances described in Woods where there was a complete breakdown in the chain of custody. See Woods, 214 Ill. 2d at 471-72, 828 N.E.2d at 257-58. To the contrary, the chain of custody in this case was sufficiently established by the testimony of officer Rzyski and by the stipulation between the State and defendant that the evidence tested was the same evidence that the officer seized and was cocaine. It is clear from that evidence and the action of the parties in that regard that it was the parties' intention to remove the chain-of-custody issue from this case so that the more important, contested issues could be focused upon. See Woods, 214 Ill. 2d at 475, 828 N.E.2d at 259.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County. In so doing, we hold that: (1) a challenge to the chain of custody may not be brought as a challenge to the sufficiency of the evidence; (2) a challenge to the chain of custody is an objection to the foundation for the admissibility of evidence and in this case, was procedurally defaulted and waived (3) there is no plain error in this case.

Affirmed.

WRIGHT and SCHMIDT J. J. concurring.

7