*662
 
 ALTENBERND, Judge.
 

 The State appeals the trial court’s order granting a judgment of acquittal on a motion filed pursuant to Florida Rule of Criminal Procedure 3.380(c) after entry of judgment and sentence. We conclude that the trial court erred in granting this motion. Accordingly, we order the trial court on remand to reinstate the judgment and sentence.
 

 Mr. Hampton was charged as a principal with a single count of sale or delivery of cocaine.
 
 [1]
 
 As explained later in this opinion, Mr. Hampton arranged a sale of cocaine to an undercover deputy sheriff. At trial, the State did not present adequate evidence concerning the chain of custody of the crack cocaine that was delivered to the undercover deputy and later tested by a forensic chemist who was also employed by the sheriff. Nevertheless, when the State moved the cocaine into evidence, Mr. Hampton’s attorney did not object. We conclude that, once the cocaine was in evidence without objection, Mr. Hampton was not entitled to a judgment of acquittal based on a weakness in the chain of custody. Our ruling in this matter would be the same whether the motion had been made at the close of the State’s case or after the verdict. Accordingly, we do not address the State’s argument that this new ground for judgment of acquittal could not be raised in a motion filed pursuant to rule 3.380(c).
 

 I. The Facts
 

 On the afternoon of June 5, 2008, an expei’ienced deputy, while working undercover, drove to a location in east Braden-ton to attempt to purchase narcotics from street-level dealers. When he arrived, he saw a group of men standing in a yard. After the deputy mentioned the street name of a person he thought was from that area, Mr. Hampton approached the deputy’s car. The deputy asked Mr. Hampton for a “forty.” Mr. Hampton nodded to another man, who delivered four pieces of crack cocaine in exchange for $40. The incident was video-recorded, and the video was later played to the jury at trial.
 

 Because this was an undercover operation, Mr. Hampton was not immediately arrested and charged. The Manatee County Sheriffs Office designated the case with its own case number, 08-29242. The undercover deputy prepared a “complaint for warrant” under that case number, and an arrest warrant was issued on June 23, 2008. Mr. Hampton was arrested in mid-July, and the State did not actually file the information until August 20, 2008.
 

 At trial, the State presented only three witnesses — the arresting deputy, the undercover deputy, and the forensic chemist. The undercover deputy explained the undercover operation and assisted the jury in understanding the video of the drug transaction. He explained that he did not stay at the scene of such a transaction because he did not want to reveal his identity. Thus, as soon as he received the drugs, he would go back to the office to process the evidence and conduct field tests, confirm the identities of the sellers, and write his complaint for a warrant.
 

 The assistant state attorney did not specifically ask this deputy whether he followed this standard procedure in this case. Thus, the deputy never explained what he did with the cocaine that was given to him by Mr. Hampton’s assistant.
 

 The State’s final witness was the forensic chemist. He testified that he received a sealed package that was submitted to him “under Manatee County Sheriffs Office case number 08-29242.” He testified that he opened the package, tested a sam-
 
 *663
 
 pie, and determined it was cocaine. He then repackaged the remaining material, prepared his reports, and returned the evidence to the property locker.
 

 The assistant state attorney then offered the package into evidence as State’s Exhibit 3. Mr. Hampton’s attorney stated, “No objection,” and the trial court admitted the evidence. Shortly thereafter, the State rested. Mr. Hampton’s attorney moved for a judgment of acquittal but did not argue that there was any problem with the evidence of cocaine. The primary defense issue, both to the judge and, later, to the jury, was whether there was sufficient evidence that Mr. Hampton was a principal in the delivery of the cocaine by the other man.
 

 On December 9, 2008, the jury returned a verdict of guilty as charged. On that same day, the trial court entered a judgment of conviction and sentenced Mr. Hampton to three years’ imprisonment.
 

 Rule 3.380(c) allows a defendant to make or renew a motion for judgment of acquittal within ten days after the reception of the verdict. Within this ten-day period, Mr. Hampton renewed his motion for judgment of acquittal. In his renewed motion, he asserted for the first time that there was not adequate evidence connecting the cocaine tested by the chemist to the substance sold to the undercover officer. The motion did not rely on any case law, and Mr. Hampton’s attorney did not provide relevant case law on this issue at the hearing on the motion. The issue, however, caught the attention of the experienced trial judge, who was aware of the decision in
 
 L.R. v. State,
 
 557 So.2d 121, 122 (Fla. 3d DCA 1990). In
 
 L.R.,
 
 the the Third District held, without much discussion, that the evidence was legally insufficient in a drug case because there was no evidence from a forensic chemist and only evidence from an experienced police officer that the substance appeared to be crack cocaine and that a field test indicated that it was cocaine.
 
 Id.
 
 The trial court below relied on
 
 L.R.
 
 to grant Mr. Hampton’s posttrial motion for judgment of acquittal. The State then appealed.
 

 II. Chain of Custody as Preliminary Evidence of Identity under Section 90.901
 

 We are not convinced that
 
 L.R.
 
 is controlling under the facts of this case. The issue in
 
 L.R.
 
 was whether an experienced police officer could provide sufficient evidence that a substance was cocaine without additional testimony from a forensic chemist. 557 So.2d at 122. The evidence at issue clearly came from the scene of the undercover operation, but the State failed to prove that it was actually cocaine. In this case, there was competent testimony from a forensic chemist. The problem here is that the chain of custody of the substance from the scene of the undercover operation to the chemist’s laboratory was poorly developed by the assistant state attorney at the trial. The evidence at issue was clearly cocaine, but the State failed to prove it came from the scene of the undercover operation. Mr. Hampton did not object or require the State to provide a better chain of custody.
 

 Both the issue in
 
 L.R.
 
 and the issue in this case, addressing the admissibility of an exhibit, are properly analyzed under section 90.901, Florida Statutes (2008). But the analysis is somewhat different. Section 90.901 provides: “Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Technically, the question in
 
 L.R.
 
 was one of authenticity: Is this exhibit really cocaine? In this case, the question is more a matter of identity:
 
 *664
 
 Is this cocaine the substance that the undercover officer purchased in the transaction? Authenticity in this type of case may well require testimony from a qualified expert,
 
 [2]
 
 but the question of identity is normally answered by evidence establishing a chain of custody.
 

 Under section 90.901, evidence of a chain of custody is provided as preliminary or foundational evidence, as the “condition precedent” to the admissibility of an exhibit. As one commentary explains:
 

 Authentication and identification apply to the procedure of laying a foundation for the admission of ... objects.... Conceptually, the function of authentication or identification is to establish, by way of preliminary evidence, a connection between the evidence offered and the relevant facts of the case. Authentication and identification involve laying a foundation which establishes the “connective relevancy” of the evidence.
 

 William R. Eleazer & Glen Weissenberger,
 
 Florida Evidence-2004, Courtroom Manual
 
 685 (LexisNexis 2004).
 

 The Law Revision Council Note that was published in 1976 when the Florida Evidence Code was adopted explains:
 

 This section recognizes the long-established principle that evidence is inadmissible unless accompanied by some showing of its genuineness.
 
 See, e.g., DeLong v. Williams,
 
 232 So.2d 246 (Fla. 4th DCA 1970) (unauthenticated transcript of prior hearing not admissible). This preliminary requirement falls within the category of conditional relevancy and is governed by the procedure set forth in § 90.105(2) granting the court the power to admit evidence subject to the introduction of evidence sufficient to support a finding of relevancy. Once a prima facie showing of authenticity is made, the evidence comes in, and the ultimate question of authenticity is for the jury. McCormick,
 
 Evidence
 
 § 227 (2nd Ed. 1972). The admission into evidence of a matter merely indicates initial sufficiency for presentation to the trier of fact.
 

 § 90.901, Fla. Stat. Ann. (2008).
 

 Thus, in this case the testimony of both the undercover officer and the forensic chemist, as it relates to the substance in State’s Exhibit 3, is preliminary or foundational evidence to establish that the substance in State’s Exhibit 3 is the substance received at the scene of the transaction and that the substance is cocaine. Without this evidence, the substance has no connection to this alleged crime and it is legally irrelevant.
 

 III. A Defendant’s Waiving Right to Proof of Chain of Custody
 

 If Mr. Hampton had not filed his posttrial motion for judgment of acquittal and had raised this issue for the first time on appeal, there is little question that the issue would not be preserved for appeal because he did not object to the introduction of the evidence. It is well established that in order to preserve for appellate review a claim that the State’s evidence is insufficient, an objection challenging the sufficiency of the evidence must be raised at trial.
 
 F.B. v. State,
 
 852 So.2d 226, 229 (Fla.2003).
 

 
 *665
 
 In general, the purpose of an objection is to place both the trial court and one’s opponent on notice that one objects to some aspect of the proceedings or procedures being utilized in the courtroom that is harmful or prejudicial to your case, so that either the trial court or one’s opponent has an opportunity to alter or correct the alleged error.
 
 See Crumbley v. State,
 
 876 So.2d 599, 601 (Fla. 5th DCA 2004) (“Commonly referred to as the contemporaneous objection rule, the rationale for its application is two-fold: 1) to require an objection at the time the error is committed to give the trial court the opportunity to correct it; and 2) to prevent a litigant from allowing an error to go unchallenged so it may be used as a tactical advantage later.”);
 
 Castor v. State,
 
 365 So.2d 701, 703 (Fla.1978) (explaining that the purpose of the contemporaneous objection rule is to place “the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings”). Obviously, in a criminal case, if the State neglects to elicit proof of an essential element of the offense, the defendant is not harmed or prejudiced. In that context, the defendant is generally free to remain silent during the trial and then move for a judgment of acquittal at the end of the State’s case.
 
 See
 
 Fla. R.Crim. P. 3.380(a) (providing that a motion for judgment of acquittal should be granted if, at the close of the evidence, “the court is of the opinion that the evidence is insufficient to warrant a conviction”).
 

 The dispositive question in this case is whether a defendant may also remain silent when the State is presenting preliminary evidence of identity under section 90.901 that is necessary to introduce evidence to establish the elements of the offense; or, stated in another manner, whether a defendant can waive his or her right to such preliminary evidence by allowing the State to introduce the evidence without a complete preliminary presentation. At least in the context of this case, we conclude that a defendant can, and that Mr. Hampton did, waive the right to compel the State to present a more complete chain of custody.
 

 Mr. Hampton’s claim is in actuality a challenge to the preliminary evidentiary issue of the foundation for the cocaine’s admissibility.
 
 See generally People v. Muhammad,
 
 398 Ill.App.3d 1013, 338 Ill.Dec. 796, 925 N.E.2d 293, 297 (2010) (holding, in a similar context involving cocaine, that “a challenge to the chain of custody may not be brought as a challenge to the sufficiency of the evidence,” and that such a challenge may therefore be waived). Unlike a claim involving a failure to prove an essential element of an offense, a defendant may waive a preliminary evidentiary issue to remove the issue from dispute and allow him or her to focus on a more contested issue at trial.
 

 As a matter of tactic, a defendant’s attorney may often prefer for the State to present a weak chain of custody in hopes that this weakness will allow the jury to return a verdict favorable to the defendant. However, if the attorney fails to object to the adequacy of the evidence on the issue of chain of custody and allows the trial court to admit the evidence, the attorney cannot later recast the issue, after an adverse jury verdict, as an issue of insufficient evidence.
 

 As stated earlier, as a general rule, a defendant is expected to make a contemporaneous objection to issues arising during trial.
 
 See Pagan v. State,
 
 830 So.2d 792, 811 (Fla.2002) (finding that any error in admitting photographs of child victim had not been preserved for review because counsel did not object to the photographs). This is true, in part, because the objection
 
 *666
 
 gives the trial court and opposing counsel an opportunity to prevent or correct the error. Evidence, which may seem irrelevant and thereby objectionable when the foundational evidence is weak, may become quite relevant if the party seeking its admission is permitted to ask a few additional questions. Here, had Mr. Hampton made a timely objection to the admissibility of State’s Exhibit 3, the trial court would not have granted an acquittal. Instead, it would merely have denied the admission of the exhibit until the State properly presented the evidence needed to establish chain of custody. It seems quite clear that the State could have provided the missing testimony, and we see no basis to treat this issue as a matter of fundamental error.
 
 [3]
 

 Reversed and remanded.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 § 893.13(l)(a)(l), Fla. Stat. (2007).
 

 [2]
 

 . Whether an exhibit can be admitted on the basis that it is crack cocaine without evidence from a forensic chemist is not entirely a settled question and may depend on all of the circumstances.
 
 See Brooks v. State,
 
 762 So.2d 879, 892-94 (Fla.2000);
 
 Johnson v. State,
 
 929 So.2d 4, 7 n. 1 (Fla. 2d DCA 2005);
 
 Sinclair
 
 v.
 
 State,
 
 995 So.2d 552 (Fla. 3d DCA 2008). This too is an issue involving foundational or predicate evidence under section 90.901, but it is not the issue we address in this case. Whether the testimony of a forensic chemist can be waived in such a case is likewise not an issue in this case.
 

 [3]
 

 . We recognize that an attorney's failure to object to the admission of evidence when the chain of custody is incurably defective would support a postconviction claim for ineffective assistance of counsel.
 
 See Rhodes v. State,
 
 981 So.2d 1223 (Fla. 1st DCA 2008) (remanding for trial court to conduct evidentiary hearing on defendant's claim that counsel was ineffective in failing to move to suppress cocaine based on the State's inability to establish chain of custody).