# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482

---

| | |
|---|---|
| Appellate Court Caption | BURNELL GATREAUX, TIMOTHY RANGE and FRANK SELBY, Individually, and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. DKW ENTERPRISES, LLC, KDW ENTERPRISES, LLC, KDW WESTERN, LLC, MRA RESTAURANT, DARRELL WINBUSH and KATINA WINBUSH, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-10-3482 |
| Filed | September 22, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of a class action alleging violations of the Illinois Minimum Wage Law and the Illinois Minimum Wage Payment and Collection Act was affirmed, where defendants' tender of the amounts allegedly due to the named plaintiffs before plaintiffs filed a motion for class certification rendered the claim moot. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-11825; the Hon. Michael B. Hyman, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Ryan F. Stephen, of Stephan Zouras, LLP, and Joseph J. Siprut, of Siprut PC, both of Chicago, for appellants. |
| --- | --- |
| | Rena M. Honorow and Marc D. Sherman, both of Marc D. Sherman & Associates, P.C., of Lincolnwood, for appellees. |

| Panel | JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion. |
| --- | --- |
| | Justices Pucinski and Sterba concurred in the judgment and opinion. |

## OPINION

¶ 1    The plaintiffs, Burnell Gatreaux, Timothy Range and Frank Selby, individually and on behalf of all others similarly situated, filed a class action complaint against the defendants, DKW Enterprises, LLC, KDW Enterprises LLC, KDW Western LLC, MRA Restaurants, Darrell Winbush and Katina Winbush, alleging numerous violations of the Illinois Minimum Wage Law (820 ILCS 105/1 *et seq.* (West 2006)) and the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 2006)). Before the plaintiffs filed a motion for class certification, the defendants made a tender to each of the three named plaintiffs of "all amounts allegedly due to each such plaintiff." After the plaintiffs rejected this offer, the defendants filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619, 2-619.1 (West 2006)) contending that the plaintiffs' cause of action was moot as a result of the defendants' tender. The circuit court agreed and granted the defendants' motion to dismiss. The plaintiffs now appeal, contending that the trial court erred in finding that the cause was moot. For the reasons set forth below, we affirm the judgment of the circuit court.

¶ 2                                I. BACKGROUND

¶ 3    The plaintiffs filed their initial class action complaint pursuant to sections 2-801 and 2-802 of the Code of Civil Procedure (Code) (735 ILCS 5/2-801, 2-802 (West 2006)) on March 28, 2008.[1] According to that complaint, each of the named plaintiffs is a former cashier, cook or other hourly-paid employee of one of several Chicago-based McDonald's franchises

---

[1]The initial class action complaint named only Burnell Gatreaux and Frank Selby as individual plaintiffs. On June 24, 2008, however, the parties entered an agreed to motion asking the circuit court to permit the plaintiffs to amend the complaint to include Timothy Range as the third individual plaintiff, as well as to add allegations of unjust enrichment and breach of implied contract. The circuit court granted this motion and on July 7, 2008, the plaintiffs filed their first amended class action complaint.

owned and operated by the defendants. The complaint sought the certification of a class of individuals employed by the defendants as hourly nonexempt wage employees, who worked regular or overtime hours but did not receive the proper pay. The complaint further alleged that the defendants violated the Illinois Minimum Wage Law (820 ILCS 105/1 *et seq.* (West 2006)) and the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 2006)) by: (1) failing to pay their employees the applicable minimum wage; (2) failing to pay overtime; (3) wrongfully deducting sums from employee paychecks to pay for the employees' uniforms; and (4) failing to preserve time entry and payroll records as required by law, and instead manipulating the plaintiffs' time records by making deductions for break-times not taken and "shaving" time actually worked by the employees. For relief, the complaint sought "judgment against the defendants and in favor of the plaintiffs and all others similarly situated for a sum that will properly, adequately and completely compensate plaintiffs for the nature, extent and duration of their damages [and] the cost of this action" including: (1) a declaration that the defendants willfully violated the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act by failing to pay minimum and overtime wages to the plaintiffs and the putative class; (2) an award of compensatory damages, including all regular and overtime pay owed "in an amount according to proof," plus interest on all regular and overtime compensation due accruing from the date such amounts were due; (3) an award of all costs and reasonable attorney fees incurred prosecuting this claim; and (4) "any further relief as the court deems just and equitable."

¶ 4    On May 2, 2008, the plaintiffs initiated written discovery and served document requests and interrogatories on the defendants. The defendants requested and the plaintiffs agreed that they stay discovery in order to discuss a settlement. The parties unsuccessfully mediated the dispute in November 2008. After no settlement was reached, the parties proceeded with discovery, and the defendants responded to the interrogatories on March 2, 2009 and to the document requests on March 11, 2009. The plaintiffs immediately requested deposition dates for each of the defendants, but the defendants would not schedule the depositions until July 30 and 31, 2009.[2]

¶ 5    Instead, prior to the scheduled depositions, on July 26, 2009, the defendants sent a letter to the plaintiffs for the purpose of making a tender for settlement. In that letter, the defendants proposed the following:

"1. Defendants will provide all amounts allegedly due to each such plaintiff for work time due or unpaid pursuant to the allegations set forth in the amended complaint, at such plaintiff's hourly wage rate at such time(s) (or at such higher hourly wage rate as required by the Illinois Minimum Wage Law at such time(s)), in accordance with the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

2. Defendants will provide all amounts allegedly due for wages for overtime alleged to have been worked by each such plaintiff and for which payment was not made at the overtime rate of one and one-half times the hourly rate applicable at that time in

---

[2]The record reveals that the defendants continued to reschedule the depositions and that the plaintiffs filed several motions to compel the defendants to submit to the discovery depositions.

accordance with the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act and will also provide all amounts allegedly due for wages for overtime alleged to have been worked by each such plaintiff and for which payment was made in an amount less than the legal overtime rate applicable at that time in, accordance with the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

3. Defendants will provide all amounts allegedly due for deductions from each such plaintiff's wages that were made, as alleged, in violation of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act and in addition in any instance in which such deduction(s0 caused such plaintiff's hourly rate of pay to fall below the minium wage applicable for the pay period, then defendants will also provide the amount of such underpayment.

4. Defendants will award each plaintiff an amount equal to 2% of any such underpayment(s) for each month following the date of payment during which such underpayments remain unpaid.

5. Defendants will award each plaintiff an amount for prejudgment interest in accordance with the applicable statutory rate as applied to the wage amounts.

6. Defendants will pay costs incurred by the plaintiffs in this civil action and will also pay reasonable attorney's fees as may be allowed by the court in regard to the plaintiff's pursuit of their claims in this civil action."

The letter further advised that the defendants believed that this tender provided "full monetary relief" for the claims alleged in the plaintiffs' amended complaint and instructed the plaintiffs to contact the defendants' attorney to "arrange to identify the specific amounts" for each plaintiff so that the parties could "advise the court and accomplish a mechanism for determination of the attorney's fee portion."

¶ 6    On August 3, the plaintiffs rejected the tender.[3] Two days later, on August 5, 2009, the defendants filed a motion to dismiss the plaintiffs' class action, pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2006)), contending that the action was moot since there was no actual case or controversy between the plaintiffs and the defendants as the individual plaintiffs were offered "full relief" by the defendants prior to obtaining a certification of their class. On August 11, 2009, the plaintiffs filed a motion for class

---

[3]The parties do not dispute this point. Moreover, the record contains a letter written by defense counsel to the plaintiffs' attorney for purposes of memorializing a telephone conversation, which took place between the two attorneys on August 3, 2009, and wherein the plaintiffs' attorney communicated to defense counsel the decision of the named plaintiffs to reject the tender of settlement offered by the defendants on July 26, 2009. The letter noted that the plaintiffs rejected the tender because they believed that they had "gone beyond the point of resolving the individuals' claims." In addition, the letter noted that when asked whether there was some issue with the monetary relief tendered, the plaintiffs' attorney stated that there was not and that instead the "gist" of the plaintiffs' rejection was that they felt obligated to the class to pursue the litigation.

-4-

certification.[4]

¶ 7     The parties were given an opportunity to brief the defendants' motion to dismiss. The plaintiffs nowhere in either their response to the defendants' motion to dismiss or their supplemental response argued that the defendants failed to make a full and proper tender. On October 20, 2010, the circuit court held a hearing on the defendants' motion. During that hearing, the circuit court first made a note of the sequence of events leading up to the motion to dismiss, finding that on July 26, 2009, there was "a full tender of relief to the named representatives," which was rejected by the plaintiffs on August 3, 2009. With respect to the tender of relief, the court specifically noted that neither party "is contesting *** nobody argued that it wasn't 'full relief.' " The circuit court then invited the parties to make any additional arguments they had not made in their briefs. The plaintiffs, however, again offered no argument regarding the sufficiency of the settlement tender.

¶ 8     After hearing the arguments of the parties, the circuit court concluded that the plaintiffs' cause of action was moot. In doing so, the circuit court noted that "[w]hen a motion for class certification is filed after the defendant makes tender to the named plaintiff, the question becomes whether under the circumstances the plaintiff exercised the required reasonable diligence in pursuing his class action claim." The circuit court concluded that tender had occurred here and that the plaintiffs did not meet the "reasonable diligence" standard. The circuit court specifically found that even though "nothing prevented an earlier filing of the motion," no motion for class certification was filed in this case "for almost 17 months after the case was filed." Accordingly, the circuit court held the case moot and dismissed it pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2006)). The plaintiffs now appeal, contending that the circuit court erred when it found that their complaint was rendered moot by the tender.

¶ 9                                   II. ANALYSIS

¶ 10    We begin by noting that our review of a combined section 2-619.1 motion to dismiss pursuant to either section 2-615 or section 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2006)) is *de novo*. See *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011); *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). A motion to dismiss pursuant to section 2-615 attacks the legal sufficiency of the complaint by alleging defects on its face. *Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 846 (2009). In ruling on a section 2-615 motion to dismiss, a reviewing court must examine the allegations of the complaint in the light most favorable to the plaintiff and accept as true all the well-pleaded facts and reasonable inferences therefrom. *Vitro*, 209 Ill. 2d at 81. If the facts are insufficient to state a cause of action upon which relief may be granted then dismissal pursuant to section 2-615 is appropriate. *Vitro*, 209 Ill. 2d at 81. On the other hand, a section 2-619 motion admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats that claim. *Barber*,

_____

[4]On August 13, 2009, the plaintiffs were granted leave to file an amended complaint naming Katina Winbush as an additional defendant, and on that same day they filed an amended motion for class certification, with Katina Winbush as an additional defendant.

241 Ill. 2d at 455 (citing *DeLuna v. Burciaga*, 223 Il. 2d 49, 59 (2006)). As a reviewing court, we may affirm the judgment of the circuit court on any basis appearing in the record. *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 282 (2006).

¶ 11    Turning to the merits of the plaintiffs' claim, we note that since the circuit court's dismissal of the plaintiffs' complaint, but before the filing of this appeal, our supreme court decided *Barber*, 241 Ill. 2d at 455-60, and dramatically changed the law with respect to a defendant's ability to moot a class action by making a full settlement tender to the named class representatives.

¶ 12    Prior to *Barber*, it was a general rule that where "the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending." *Akinyemi v. JP Morgan Chase Bank, N.A.*, 391 Ill. App. 3d 334, 339 (2009) (citing *Kostecki v. Dominick's Finer Foods, Inc., of Illinois*, 361 Ill. App. 3d 362, 376-77 (2005), *Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755, 763 (2002), and *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 389 (1999)); see also *Cohen v. Compact Power Systems, LLC*, 382 Ill. App. 3d 104, 109 (2008); see also *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85 (1984) (a cause of action "is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief"). Since this rule permitted defendants to "pick off" individual plaintiffs by offering settlement solely for the purpose of avoiding a class action law suit, the appellate courts gradually created the so-called "pick off" exception pursuant to which they could allow the plaintiff's claim to proceed despite the tender. See, *e.g.*, *Arriola v. Time Insurance Co.*, 323 Ill. App. 3d 138 (2001); *Gelb v. Air Con Refrigeration & Heating, Inc.*, 326 Ill. App. 3d 809, 821 (2001); *Bruemmer*, 329 Ill. App. 3d at 763-64; *Cohen*, 382 Ill. App. 3d at 110-14; *Akinyemi*, 391 Ill. App. 3d at 340-42. Under this exception, a plaintiff who had been tendered a settlement prior to filing a motion for certification could nevertheless proceed with his or her class action lawsuit, so long as (1) the defendants did not become aware of the class action after the tender and (2) the plaintiff pursued his or her class certification "with reasonable diligence." (Internal quotation marks omitted.) *Akinyemi*, 391 Ill. App. 3d at 340. The circuit and appellate courts weighed "reasonable diligence" on a case-by-case basis. *Akinyemi*, 391 Ill. App. 3d at 341.

¶ 13    In its decision in *Barber*, however, the supreme court explicitly rejected the "pick off" exception and reaffirmed the viability of the "pick off" rule. See *Barber*, 241 Ill. 2d at 455-60. In that case, the plaintiff purchased a ticket to travel on an American Airlines flight from Chicago to White Plains, New York. *Barber*, 241 Ill. 2d at 452. Prior to boarding, the plaintiff checked two suitcases for transport to New York and was charged a $40 checked baggage fee. *Barber*, 241 Ill. 2d at 452. American Airlines subsequently cancelled the flight. The plaintiff elected not to take another American Airlines flight and instead requested cancellation of her ticket and refund of the ticket price and the $40 baggage fee. *Barber*, 241 Ill. 2d at 452. According to the plaintiff's complaint, the American Airlines counter agent advised her that it was not American Airlines' policy " 'to refund fees paid by ticket holders for transportation of luggage in conjunction with a passenger flight when that flight is canceled by Defendant and the passenger does not accept another flight.' " *Barber*, 241 Ill.

2d at 452-53. Four days after her flight was cancelled, the plaintiff filed a class action complaint for breach of contract against American Airlines. *Barber*, 241 Ill. 2d at 453. Two weeks after being served with the complaint, and before a motion for class certification was filed, American Airlines contacted the plaintiff's counsel and offered to refund the $40 fee and also stated that it would consider paying the court costs the plaintiff had incurred to date. *Barber*, 241 Ill. 2d at 453. The plaintiff's counsel declined the offer and advised that the case would proceed as a class action. *Barber*, 241 Ill. 2d at 453. Ten days later, American Airlines refunded the $40 fee to the plaintiff's credit card, the original form of payment, and a month later, American Airlines moved to dismiss the plaintiff's complaint pursuant to section 2-619 of the Code on the grounds that the complaint was moot because American Airlines had refunded the $40 fee. *Barber*, 241 Ill. 2d at 453.

¶ 14    The circuit court granted the defendant's motion and dismissed the complaint on mootness grounds. *Barber*, 241 Ill. 2d at 454. The plaintiff never filed a motion for class certification. *Barber*, 241 Ill. 2d at 454. On appeal, the majority of the appellate court reversed and remanded, concluding that even though the tender of settlement was made prior to any class certification, the plaintiff's claim was nevertheless not moot under the "pick off" exception because the plaintiff had exercised "reasonable diligence" in pursuing her class action suit. *Barber*, 241 Ill. 2d at 454.

¶ 15    Our supreme court disagreed and found that regardless of whether the plaintiff had exercised "reasonable diligence," she could not proceed with her claim because she failed to seek certification of the class prior to being tendered the full relief she requested by American Airlines. *Barber*, 241 Ill. 2d at 458.

¶ 16    In doing so, the supreme court in *Barber* relied on its prior decision in *Wheatley*. In that case, our supreme court for the first time addressed whether a settlement offer could moot a class action lawsuit. *Wheatley*, 99 Ill. 2d at 484-87. In *Wheatley*, two teachers who had been dismissed by the defendant board of education at the end of the school year filed a class action complaint on behalf of themselves and 57 other teachers who had also been dismissed. *Wheatley*, 99 Ill. 2d at 483. The teachers requested a writ of *mandamus* directing the board to rescind its dismissal of the teachers and a declaratory judgment that the board violated certain sections of the School Code without first holding a public hearing. *Wheatley*, 99 Ill. 2d at 483. Nearly one month after the complaint was filed, the two named plaintiffs accepted the board's offer of reemployment. *Wheatley*, 99 Ill. 2d at 483-84. The board moved to dismiss the complaint on mootness grounds and the circuit court granted the motion. *Wheatley*, 99 Ill. 2d at 483.

¶ 17    Our supreme court affirmed the decision of the circuit court, holding that the claims of the named plaintiffs had become moot when the board granted the relief requested (*i.e.*, reinstatement) since there was no longer a controversy between the named plaintiffs and the board. *Wheatley*, 99 Ill. 2d at 485. The *Wheatley* court noted that the plaintiffs could no longer meet the class action requirement that the named representative of a putative class have a valid claim against the defendant. *Wheatley*, 99 Ill. 2d at 486. As the court stated:

"Because the claims of the named representatives here have been resolved, they are not proper parties who would fairly and adequately protect the interest of the class they

purport to represent. Once a representative plaintiff is granted the desired relief, he is no longer a member of the class because his interests are not consistent with the interests of the other class members." *Wheatley*, 99 Ill. 2d at 486-87.

¶ 18    The *Wheatley* court further rejected any notion that the action should be allowed to proceed because relief could still be granted for teachers who were not offered reemploymnet. *Wheatley*, 99 Ill. 2d at 485-86. In doing so, the *Wheatley* court found relevant that the plaintiffs "never moved for or received class certification prior to the trial court's granting of the Board's motion to dismiss." *Wheatley*, 99 Ill. 2d at 485-86.

¶ 19    Relying on the decision in *Wheatley*, our supreme court in *Barber* concluded that the timing of the settlement tender was the key consideration in determining whether a class action was moot. *Barber*, 241 Ill. 2d at 456. As the court in *Barber* explained:

"*Wheatley* teaches that the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender. [Citations.] Where the named representative has done so, and the motion is thus pending at the time the tender is made, the case is not moot, and the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted by the tender. [Citations.] The reason is that a motion for class certification, while pending, sufficiently brings the interests of the other class members before the court 'so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole.' [Citation.]

The situation is different where the tender is made before the filing of a motion for class certification. [Citation.] There, the interests of the other class members are not before the court [citation], and the case may properly be dismissed. [Citation.]" (Emphasis omitted.) *Barber*, 241 Ill. 2d at 456-57.

¶ 20    The supreme court in *Barber* further explicitly rejected the "pick off" exception, which the appellate courts had employed thus far to allow plaintiffs' claims to proceed in spite of a tender made prior to the filing of a motion for class certification. *Barber*, 241 Ill. 2d at 458-59. The supreme court noted that the origin of the "pick off" exception could be traced to *Arriola*, 323 Ill. App. 3d 138, where, just as in *Barber*, the defendant tendered relief to the named plaintiff who had never filed a motion for class certification. *Barber*, 241 Ill. 2d at 458 (citing *Arriola*, 323 Ill. App. 3d at 151). The supreme court in *Barber* noted that although *Arriola* relied on *Wheatley* to hold that a class action cannot be sustained if the defendant offers "full damages" to the named plaintiff before the plaintiff moves for class certification, it also implied, in *dicta*, that if the named plaintiff had moved for class certification early in the litigation, the result could have been different. *Barber*, 241 Ill. 2d at 458 (citing *Arriola*, 323 Ill. App. 3d at 151-52). Our supreme court noted that *Arriola* has since been cited for the proposition that a class action suit should not be dismissed "where the defendant tendered full payment to the named plaintiff before the plaintiff had a 'reasonable opportunity' to move for certification of the class." *Barber*, 241 Ill. 2d at 458 (citing *Gelb*, 326 Ill. App. 3d at 821, *Bruemmer*, 329 Ill. App. 3d at 763-64, *Cohen*, 382 Ill. App. 3d at 110-14, and *Akinyemi*, 391 Ill. App. 3d at 340-42).

¶ 21    Stating that the exception to *Wheatley* "has no basis in the law," our supreme court in *Barber* explicitly rejected the "pick off" exception, instructing that any language in prior appellate decisions relying on the "pick off" exception not be cited. *Barber*, 241 Ill. 2d at 458-59.

¶ 22    In the present case, the plaintiffs acknowledge the holding in *Barber*, but argue that it was wrongly decided and urge that we not apply it on public policy grounds. The plaintiffs contend that the bright line rule announced in *Barber* preventing a class action from going forward any time a tender is made prior to a motion for class certification, will necessarily create a "race to the courthouse," and require a class action plaintiff to file a class certification motion concurrently with his or her complaint. The plaintiffs argue that this is impracticable because in most situations discovery is essential to properly define a class. Accordingly, the plaintiffs urge that despite our supreme court's decision in *Barber*, we apply the "pick off" exception and permit the plaintiffs' cause to proceed because they acted with "reasonable diligence" in pursuing their claim.

¶ 23    While we acknowledge the plaintiffs' public policy concerns,[5] it is axiomatic that we are bound to follow the decisions of our supreme court and have no authority to overrule them. *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 551 (1983) (" 'It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions.' " (quoting *Beagley v. Andel*, 58 Ill. App. 3d 588, 591 (1978)); see also *Reliable Fire Equipment Co. v. Arredondo*, 405 Ill. App. 3d 708, 722 (2010) (noting that the appellate courts are "bound to follow decisions of the Illinois Supreme Court"); *People v. Muhammad*, 398 Ill. App. 3d 1013, 1017 (2010) ("state appellate courts are bound by the state supreme court and have no authority to overrule the supreme court or to modify its decisions" (citing *Angelini v. Snow*, 58 Ill. App. 3d 116, 119 (1978))); *In re Clifton R.*, 368 Ill. App. 3d 438,

---

[5]We note that the plaintiffs are not alone in raising their public policy concerns. In fact, the practice of defendants "picking off" class representatives has been criticized by both the United States Supreme Court and the Court of Appeals for the Seventh Circuit. See *Deposit Guaranty National Bank of Jackson v. Roper*, 445 U.S. 326, 339 (1980) (explaining that the practice "frustrate[s] the objectives of class actions," and has the potential to waste judicial resources); *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978) (*en banc*) ("If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, [the] opportunity [for a court to consider class certification] is at the mercy of a defendant, even in cases where class action would be most clearly appropriate."). At present, the federal courts appear divided on this issue. While, like *Barber*, some federal courts have endorsed the practice of "picking off" class representatives, holding that a case is moot any time the offer precedes the certification (see, *e.g.*, *Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 970 (N.D. Ill. 2010)), others have held that the case is not moot so long as the plaintiff files a motion for class certification before the expiration of the deadline for accepting the offer (see, *e.g.*, *Parker v. Risk Management Alternatives, Inc.*, 204 F.R.D. 113, 115 (N.D. Ill. 2001); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D. Ill. 2001)). Others still say that the case may proceed so long as the plaintiff moves for class certification within a reasonable time after receiving an offer. See *Weiss v. Regal Collections*, 385 F.3d 337, 348-49 (3d Cir. 2004); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008)).

440 (2006) (same). Moreover, in coming to its decision in *Barber*, our supreme court expressly addressed and rejected the public policy concerns underlying the practice of "picking off" class representatives, explaining:

> "[T]here is no prohibition against settlements with class members as long as the rights of nonsettling class members are not affected. *Jankousky v. Jewel Cos.*, 182 Ill. App. 3d 763, 767-68 (1989) (noting that public policy favors and encourages settlements). There is no indication here that defendant's refund to plaintiff affected the rights of others who did not receive similar refunds. Presumably, the remaining class members can either pursue class litigation or bring their claims individually. Indeed, this class action could have survived if one of the remaining class members had substituted himself as the named representative." *Barber*, 241 Ill. 2d at 459.

Accordingly, under the holding of *Barber*, which we are bound by, we are compelled to find that because the defendants' tender was made before the plaintiffs filed their motion for class certification, the plaintiffs' cause of action is moot. See *Barber*, 241 Ill. 2d at 459.[6]

¶ 24    The plaintiffs nevertheless argue that even under the decision in *Barber*, we should find that their cause of action was not moot because the tender amounts were not specific and were not actually given to them.

¶ 25    The defendants first contend that the plaintiffs have waived this issue for purposes of appeal because they never argued this issue before the circuit court. The defendants specifically point out that the plaintiffs nowhere below alleged that the tender was insufficient, that it did not purport to offer "full relief," or that it was not "actually granted to the plaintiffs." We acknowledge that an issue not argued before the circuit court but rather raised for the first time on appeal can be treated as waived (see *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994) ("issues not raised in the trial court may not be raised for the first time on appeal"). We choose, however, to address the argument on its merits. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 11 (1996) (The waiver rule "is a limitation on the parties and not the jurisdiction of the courts."); see also *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 518-19 (2000) (same) (citing *Chicago Patrolmen's Ass'n v. Department of Revenue*, 171 Ill. 2d 263, 278 (1996), *Wagner v. City*

---

[6]For these same reasons, we reject the plaintiffs' alternative suggestion that we modify *Barber* and, like some federal courts have done, use the relation-back doctrine to permit the plaintiff to move for class certification, where the plaintiff moved for class certification within a reasonable time after receiving the settlement offer and where the class relates back to the original complaint. See *Weiss v. Regal Collections*, 385 F.3d 337, 346 (3d Cir. 2004) ("whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review. *** [A] class certification may relate back to the filing of the complaint where claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." (Internal quotation marks omitted.)). We reiterate that while we must follow the precedents set out by our supreme court, we are by no means bound by federal decision, such as the one cited to by the plaintiffs. *People v. Bryant*, 202 Ill. App. 3d 290, 301 (1990).

*of Chicago*, 166 Ill. 2d 144, 148 (1995), *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 251 (1994), and *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967)); see also *People v. Hoskins*, 101 Ill. 2d 209, 219 (1984).

¶ 26    The plaintiffs argue that the case should not be moot because unlike in *Barber* and *Wheatley*, where the plaintiffs were "made whole" by the tenders, here the plaintiffs never actually received or accepted the amounts offered to them. We disagree.

¶ 27    " ' "Tender" is an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation' and 'tender must be without conditions to which the creditor can have a valid objection or which will be prejudicial to his rights.' " *Arriola*, 323 Ill. App. 3d at 146 (quoting *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1032 (1999)). " 'A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.' " *Arriola*, 323 Ill. App. 3d at 146-47 (quoting *Deposit Guaranty National Bank of Jackson v. Roper*, 445 U.S. 326, 333 (1980)).

¶ 28    Prior to *Barber*, our courts specifically rejected the argument that an unaccepted tender in the context of a class action suit can act to prevent the dismissal of the case on the basis of mootness. See *Hillenbrand*, 308 Ill. App. 3d 381; *Arriola*, 323 Ill. App. 3d at 147; *Cohen*, 382 Ill. App. 3d at 109 ("our courts have on several occasions dismissed class actions in their entirety even though the named plaintiff rejected the defendant's tender offer"). Those decisions held that where the plaintiffs are offered the full amount of damages sought by their complaint plus a percentage of interest, the tender is sufficient, and "[t]he plaintiffs cannot perpetuate the controversy by merely refusing [the defendant's] tender." *Hillenbrand*, 308 Ill. App. 3d at 389; see also *Bruemmer*, 329 Ill. App. 3d at 761 ("no controversy exists between parties when the defendant tenders the payment requested by the plaintiff, plus interest"); see also *Arriola*, 323 Ill. App. 3d at 147 ("the payment tendered by [the defendant] made the plaintiffs' individual claims moot even though they did not accept it").

¶ 29    Nothing in *Barber* suggests that this general principle has been altered, or that a tender alone, without acceptance, is insufficient to moot a class action. In fact, in *Barber*, our supreme court found the plaintiff's class action was moot even though the plaintiff rejected American Airlines' tender that she be refunded her $40 baggage fee and that American Airlines "consider" paying her court costs. The fact that American Airlines actually refunded the plaintiff, despite her rejection of the tender, by crediting $40 to her credit card, played no part in the court's decision that plaintiff's claim was moot. Rather, our supreme court focused on the timing of the tender and found that the plaintiff could not proceed with her claim because she failed to seek certification of the class prior to being made a tender by American Airlines. *Barber*, 241 Ill. 2d at 458.

¶ 30    In the present case, as already noted above, the record reveals that the tender was made by the defendants months prior to the plaintiff's motion for certification. Moreover, the record reveals that the defendants' tender exactly matched the request for relief made by the plaintiffs' amended complaint. That complaint requested an award of compensatory damages, including all regular and overtime pay owed "in an amount according to proof," plus interest on all regular and overtime compensation due accruing from the date such

amounts were due, as well as an award of all costs and reasonable fees incurred prosecuting the claim. The defendants' tender mirrored these demands and offered "full monetary relief" for the claims alleged in the plaintiffs' amended complaint, plus 2% interest, as well as the payment of all costs and reasonable attorney fees incurred by the plaintiffs in litigating the lawsuit. Under these facts, we fail to see how the defendants' tender failed to provide the plaintiffs the complete relief sought, so as to permit them to proceed with their cause of action. See *Akinyemi*, 391 Ill. App. 3d at 339 ("if the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending"); see also *Hillenbrand*, 308 Ill. App. 3d at 389 (finding that a tender made in the form of letter offering to resolve the case by giving the plaintiff "the relief sought," namely, one third of the amount sought plus reasonable interest was sufficient to moot the plaintiff's class action).[7]

¶ 31                                                    III. CONCLUSION

¶ 32        For all of the aforementioned reasons, we find that plaintiffs' class action was mooted by the defendants' tender, so that dismissal of their complaint pursuant to section 2-619.1 of the Code (735 ILCS 2-619.1 (West 2006)) was proper. Accordingly, we affirm the judgment of the circuit court.

¶ 33        Affirmed.

---

[7]Although the plaintiffs do not specifically argue this point, we nevertheless note that any argument regarding the tender's insufficiency on the basis of its failure to include the plaintiffs' request for declaratory relief, namely, a declaration that the defendants willfully violated the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act by failing to pay minimum and overtime wages to the plaintiffs and the putative class, has already been rejected by our courts. See *Gelb v. Air Con Refrigeration & Heating, Inc.*, 326 Ill. App. 3d 809, 814 (2001) ("while defendants did not supply a declaration that their practice of underpaying the workers was unlawful, it is also true that once the tender is made, plaintiff ostensibly would not be an underpaid worker who shared interests with other class members. As a result, defendants would have nothing illegal to admit with respect to plaintiff's individual claims, since technically, no wrong would be visited upon plaintiff once his monetary damages were tendered. *** Once plaintiff is offered the full amount of his claims, he then has no grounds on which to complain. [Citation.]"), *overruled on other grounds by Barber*, 241 Ill. 2d at 460; see also *Wheatley*, 99 Ill. 2d at 385 (finding the class action was mooted by the plaintiffs' failure to file a class certification prior to a tender, even though the tender, which included an offer of reinstatement for the named plaintiffs, did not include the plaintiffs' request for declaratory relief; noting that because the plaintiffs were "granted the *essential relief* demanded" (emphasis added) it was clear that "there [was] no longer a controversy" between them and the board); see also *Bruemmer*, 329 Ill. App. 3d at 764-65.