# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1632
Lower Tribunal No. 20-11660
_____

**5350 Park, LLC, etc.,**
Appellant,

vs.

**Grycon LLC., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Bilzin Sumberg Baena Price & Axelrod LLP, Joy Spillis Lundeen, Michael A. Hanzman, Felix X. Rodriguez, and Kelly R. Melchiondo; Link & Rockenbach, PA, Kara Rockenbach Link, and Scott J. Link (West Palm Beach), for appellant.

Siegfried Rivera and Stuart Sobel; Wallen | Kelley and Todd L. Wallen; Kenny Nachwalter, P.A., and Deborah S. Corbishley, for appellee.


Before FERNANDEZ, SCALES and LOBREE, JJ.

PER CURIAM.

Affirmed. See Fla. Mining & Materials v. Mobley, 649 So. 2d 934, 934 (Fla. 1st DCA 1995) ("[C]ase[s] may not be retried on appeal, and a ruling which is supported by competent substantial evidence will be upheld even though there may be some persuasive evidence to the contrary."); Vermeulen v. Worldwide Holidays, Inc., 922 So. 2d 271, 273 (Fla. 3d DCA 2006) ("Mere speculation or inference of negligence is insufficient to defeat summary judgment."); Ramsey v. Home Depot U.S.A., Inc., 124 So. 3d 415, 418 (Fla. 3d DCA 2013) ("Conclusory, general assertions do not create factual disputes necessary to avoid summary judgment."); McCoy v. Hollywood Quarries, Inc., 544 So. 2d 274, 276 (Fla. 4th DCA 1989) (holding that order which was not appealed was law of the case and prohibited litigant from arguing matters to the contrary in subsequent appeal); Polaco v. Smith, 376 So. 2d 409, 409 (Fla. 1st DCA 1979) (explaining that failure to object to witness testimony at trial waives the objection); State v. Hampton, 44 So. 3d 661, 664-65 (Fla. 2d DCA 2010) (requiring that an objection challenging the sufficiency of the evidence must be raised at trial in order to preserve it for appellate review).